**Steve Paul WILSON, a/k/a Mike L. Wilson, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 90–8802
Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

June 10, 1992.

---

* The Honorable Frank G. Theis, Senior United States District Judge for the District of Kansas, sitting by designation.

Steve P. Wilson, pro se.

Charles L. Calhoun, Asst. U.S. Atty., Macon, Ga., for respondent-appellee.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Wilson, with the aid of retained counsel, entered a guilty plea on charges of conspiracy to possess with intent to distribute approximately 400 grams of cocaine, and possession of a firearm by a convicted felon. Wilson then filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Wilson argues on appeal that the court erred in summarily denying his petition, and that his counsel was ineffective.

▮ A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained. *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir.Unit B, 1981). Wilson's claim of ineffective assistance is not about his decision to plead guilty. Because the district court was familiar with the facts surrounding Wilson's conviction, having been the same court as had heard Wilson's guilty plea and sentenced him, and because the record before the district court fully reflected the voluntariness of Wilson's plea, the court did not err in dismissing Wilson's claim, as it involved pre-plea issues, without conducting an evidentiary hearing.

▮ A defendant has a constitutional right to effective assistance of counsel at sentencing. *See Middleton v. Dugger,* 849 F.2d 491, 493 (11th Cir.1988). The record before the court was sufficient to determine that Wilson was not denied effective assistance of counsel. Pleading guilty necessarily admits the commission of the crime, *see United States v. Broce,* 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989), in this case, conspiracy, so Wilson was not free to challenge the fact that his criminal activity involved more than one person. *See United States v. Garcia,* 655 F.2d 59, 62 (5th Cir.Unit B 1981) (conspiracy is an agreement between two or more persons). Wilson also mistakenly states that his conviction involved possession of a

dangerous weapon during the commission of an offense. In fact, Wilson pleaded guilty to possession of a firearm by a convicted felon.

■ Wilson also attacks counsel's failure to object to the quantity of cocaine calculated at sentencing. The district court based Wilson's offense level on 400 grams, the amount of cocaine set forth in the P.S.I.* Wilson claims he repeatedly advised counsel that less than 400 grams was involved, but when he was given an opportunity to speak at the conclusion of the sentencing hearing, Wilson himself said only that he was sorry. The real problem with Wilson's argument, however, is that he has not suggested any factual basis upon which counsel could have relied in making such a challenge. "Conclusory allegations of ineffective assistance are insufficient." *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir.1991) (defendant contended counsel was ineffective for failing to object to inclusion of certain quantities of marijuana in sentencing determination). "Even if counsel had challenged these amounts, we cannot conclude that there is a reasonable probability that the result of the sentencing hearing would have been different." *Id.* In short, Wilson has neither shown counsel's performance to be inadequate nor any resulting prejudice—except for his own bald assertion that counsel was ineffective.

The dismissal of Wilson's motion by the district court is AFFIRMED.

---

* The same amount was alleged in the indictment. The quantity of cocaine involved is not an element of Wilson's offense but is relevant only to sentencing, *see United States v. Van Hemelryck,* 945 F.2d 1493, 1503 (11th Cir.1991) (quoting *United States v. Cross,* 916 F.2d 622, 623 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1331, 113 L.Ed.2d 263 (1991)).