[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11055
Non-Argument Calendar

_____

D. C. Docket No. 06-00130-CR-001-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODAGUS THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 20, 2008)**

Before ANDERSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Rodagus Marilento Thomas appeals his conviction and 126-month sentence for four counts of fraudulent use of an access device, in violation of 18 U.S.C. § 1029(a)(5), and four counts of aggravated identity theft, in violation of 18 U.S.C. § 1028(A)(1). Thomas argues on appeal that federal agents induced his initial interview, and consequently his guilty plea, by a promise to roll all his pending criminal matters, including state charges, into the federal court proceeding. He asserts that federal agents interviewed him while knowing that his state-appointed attorney "was not adequately experienced to advise him on a federal criminal matter," which prejudiced Thomas. He also argues that he should have received a reduction for acceptance of responsibility and that his sentence was unreasonable. For the reasons set forth more fully below, we affirm.

## I.

The entry of a guilty plea waives objection to all non-jurisdictional errors. United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003). "The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea." Stano v. Dugger, 921 F.2d 1125, 1150 (11th Cir. 1991) (citing Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973)). Additionally, we have held that claims of constitutional deprivations occurring prior to entry of the plea are non-jurisdiction

2

defects waived by an unconditional guilty plea. See, e.g., United States v. Wai-Keung, 115 F.3d 874, 877 (11th Cir. 1997) (per curiam) (holding that a defendant waived his right to appeal the validity of a search). As a result of the waiver, "only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992).

Thomas, who is counseled, does not raise the issue of the knowing and voluntary nature of his guilty plea. Therefore, he waived the issues as to the federal agents interviewing him without his having adequate counsel and inducing him to cooperate with promises not memorialized in the written plea agreement, and he abandoned any issue as to the knowing and voluntary nature of his guilty plea. See Patti, 337 F.3d at 1320; United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding, in a counseled case, that an issue is abandoned when a defendant fails to offer an argument on that issue on appeal).

Furthermore, to the extent that Thomas raises the issue of ineffective assistance of counsel, ineffective-assistance-of-counsel claims generally are not addressed on direct review. United States v. Khoury, 901 F.2d 948, 969 (11th Cir.), modified by, 910 F.2d 713 (11th Cir. 1990) (holding that "a claim of ineffective assistance of counsel may not be raised on direct appeal where the claim has not been heard by the district court nor a factual record developed"). To

3

the extent that Thomas alleges that federal agents induced him to cooperate and to plead guilty with promises outside the plea agreement, his testimony at the change-of-plea hearing refutes the argument. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true."). For the foregoing reasons, we affirm Thomas's conviction.

## II.

Thomas's plea agreement contained a sentence-appeal waiver. If the sentence-appeal waiver in Thomas's plea agreement is valid, Thomas may not raise any sentencing issues on appeal that are not covered by an exception to the waiver. See United States v. Benitez-Zapata, 131 F.3d 1444, 1446-47 (11th Cir. 1997) (dismissing, based on an effective sentence-appeal waiver, an appeal challenging the district court's finding that defendant was a minor, instead of a minimal, participant and the government's refusal to make a substantial-assistance motion). Because Thomas, who is counseled, does not contest the voluntariness of the sentence-appeal waiver, he has waived the issue. See Cunningham, 161 F.3d at 1344 (holding, in a counseled case, that an issue is abandoned when a defendant fails to offer an argument on that issue on appeal). Thus, Thomas may not challenge his sentence on appeal.

In light of the foregoing, Thomas's conviction and sentence are

**AFFIRMED.**