[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2011
JOHN LEY
CLERK

_____

No. 10-15506
Non-Argument Calendar
_____

D.C. Docket Nos. 2:07-cv-08020-LSC-PWG,
2:05-cr-00523-LSC-PWG-1

FRANK C. BAIRD, II,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 26, 2011)

Before CARNES, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Federal prisoner Frank C. Baird, II, is serving a 1,190-month sentence after

pleading guilty to possession, production, and transportation of child pornography

and to traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor. Proceeding *pro se* and claiming that his counsel provided ineffective assistance in violation of his Sixth Amendment right, Baird appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentences. Specifically, Baird argues that counsel failed to adequately explain a clause in Baird's plea agreement because counsel was unfamiliar with parts of the relevant law. As a result, Baird says he was not in a position to knowingly, intelligently, and voluntarily accept the plea agreement in which he waived his right to ask the court to impose a sentence below the advisory guideline range.[1] Counsel's failure, Baird asserts, not only met the standard for deficient performance. But it also prejudiced him by precluding him from challenging an unreasonably lengthy and severe sentence. After a thorough review of the record and the parties' briefs, we affirm Baird's convictions.

In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions *de novo* and its factual findings for clear error. Rhode v. United States, 583 F.3d 1289, 1290 (11th Cir. 2008). We review claims for ineffective

---

[1]While the Certificate of Appealability ("COA") refers to "waivers" in the plural, the only waiver Baird discusses in his brief is the waiver of the right to argue for a below-guideline total sentence under § 3553. Therefore, even though Baird is a *pro se* litigant on appeal, the issue of any other waiver in the plea agreement as to which counsel may have been ineffective has been abandoned. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003); see also Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994).

assistance of counsel *de novo* as a mixed question of law and fact. <u>Michael v. Crosby</u>, 430 F.3d 1310, 1318 (11th Cir. 2005).

Generally, when a conviction is based on a guilty plea, the defendant waives all nonjurisdictional challenges, including those of a constitutional nature. <u>Wilson v. United States</u>, 962 F.2d 996, 997 (11th Cir. 1992). This rule applies equally to direct appeal and collateral attack: a § 2255 movant who entered a valid guilty plea waives any pre-plea ineffective assistance claims that do not concern his decision to enter the plea. <u>See</u> <u>id.</u> However, insofar as the movant challenges the knowing and voluntary nature of the plea, as Baird does here, collateral attack is permitted. <u>See</u> <u>id.</u>

To make a successful claim of ineffective assistance of counsel, a defendant must meet a two-pronged test. He must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Both parts of the test must be met. If a defendant cannot satisfy the performance prong, a court does not need to address the prejudice prong, and vice versa. <u>Michael</u>, 430 F.3d at 1319.

Baird argues that he satisfies the deficient performance prong because his attorney, Jonathan Wesson, failed to adequately explain the following clause of his plea agreement: "Should the defendant ask the court to impose a sentence below

3

the advisory guideline range on any basis, including but not limited to factors in 18 U.S.C. § 3553, the government will consider this agreement null and void." The record reveals that Wesson's failure to explain this clause properly prior to Baird's acceptance of the plea agreement stemmed from Wesson's unfamiliarity with 18 U.S.C. § 3553, which mandates that a court not impose a sentence "greater than necessary" to achieve a number of important purposes, such as, *inter alia*, promoting respect for the law, providing just punishment for the offense, and protecting the public from further crimes by the defendant. See 18 U.S.C. § 3553(a). As a result of Wesson's explanatory failure, Baird asserts, Baird "unknowing[ly]" waived his right to ask the court for a sentence below what the sentencing guidelines advised, essentially giving both the court and the government free rein to "do as they wish[ed] with" him, "with no possibility of objection." For this reason, insists Baird, Wesson's performance was constitutionally deficient.

An evidentiary hearing was held to ascertain the validity of Baird's § 2255 claims. This evidentiary hearing resulted in the district court finding that, while Wesson failed to explain the § 3553 factors to Baird, Wesson did tell Baird repeatedly at every stage of the proceeding that he would likely receive a life sentence if he accepted the plea agreement. Beyond this, nothing prohibited Baird's sentencing court from imposing a below-guideline sentence on its own. In

4

addition, the district court adopted the magistrate judge's conclusion both disputing Baird's claims regarding what Wesson told him about sentencing and designating Baird "an astoundingly unbelievable witness."

We refrain from determining here whether Wesson's failure to explain the law underlying federal sentencing policy thoroughly to Baird constituted deficient performance falling outside the "wide range" of professionally competent assistance. Payne v. Allen, 539 F.3d 1297, 1317 (11th Cir. 2008) (quotation marks omitted). Determining that issue is unnecessary because, regardless of whether there was deficient performance on the part of his counsel, Baird has failed to satisfy the second prong of the Strickland test. That is, he has not shown that counsel's failure to explain § 3553 in the context of the plea agreement prejudiced his defense. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Consequently, we hold that Baird is not entitled to relief.

Baird contends that had counsel informed him of his ability to challenge a particularly severe sentence using the § 3553 factors, he would have never entered into the plea agreement that waived his right to ask for a below-guideline sentence based on those factors. For this reason, Baird claims, counsel's failure to explain the § 3553 factors in the context of the plea agreement caused him to suffer prejudice.

However, the district court, whose factual findings we adopt in the absence

5

of clear error, see United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003)

("Under the clearly erroneous standard, we must affirm the district court unless

review of the entire record leaves us with the definite and firm conviction that a

mistake has been committed." (quotation marks omitted)), determined that the

factual premises of this argument were invalid. First, it found that, contrary to

Baird's assertions, Baird understood that "he was almost certain to receive a life

sentence" when he pleaded guilty. Second, the district court found that, with both

a conviction and life sentence likely, Baird's primary concern in negotiating a plea

agreement was limiting the government's ability to forfeit his property. This aim

was achieved through the final plea agreement, which left Baird's home and farm

untouched. Accepting these factual findings, particularly that Baird's decision to

plead guilty was driven by a desire to protect his home and farm and was

undertaken with the knowledge that a life sentence was likely, we conclude that

there is no reasonable probability that counsel's provision of full and correct

information regarding § 3553 would have altered Baird's decision to plead guilty.

Under the circumstances, Baird had ample motivation to accept the plea and save

his property. And by failing to show a "reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial," Gordon v. United States, 518 F.3d 1291, 1297 (11th Cir. 2008)

(quotation marks omitted), we hold that Baird has failed to meet his burden under

6

the prejudice prong of the <u>Strickland</u> test.

This conclusion draws further support from the sweeping language of the waiver provision in the plea agreement at issue here. Specifically, that provision precludes Baird from "ask[ing] the court to impose a sentence below the advisory guideline range *on any basis*, including but not limited to factors in 18 U.S.C. § 3553." (Emphasis added.) While he may not have understood § 3553, Baird does not dispute that he knew that he was waiving his right to argue for a below-guideline sentence "on any basis" when he entered the plea. Thus, the plain language of this waiver buttresses our conclusion that a specific explanation regarding the § 3553 factors would not have made a difference here.

Because he was not prejudiced by any deficiencies in his representation, we hold that Baird entered his plea of guilty knowingly and voluntarily. Accordingly, we affirm.

**AFFIRMED.**