[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 11-13576
Non-Argument Calendar

———————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-20110-MGC-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAIRON JOSE CALDERON,

Defendant - Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida

———————————————

(May 1, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jairon Jose Calderon appeals his conviction, arguing that the district court

should have *sua sponte* dismissed his case to avoid a violation of his due process rights. After review, we affirm.

Following his arrest in a reverse-sting operation, Calderon pleaded guilty to conspiracy to affect commerce by robbery, in violation of 18 U.S.C. § 1951(a); conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii); and knowing possession of a firearm in furtherance of a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A). The district court sentenced Calderon to a total of 180 months' imprisonment. Calderon now appeals, arguing that the district court erred when it failed to dismiss his case *sua sponte* because his prosecution was the result of outrageous governmental conduct that violated his right to due process.[1]

Calderon never raised this issue before the district court. Generally, "non-jurisdictional arguments 'alleging a defect in instituting the prosecution' are waived unless raised by motion prior to trial, absent good cause for the failure." *United States v. Augustin*, 661 F.3d 1105, 1122 n.10 (11th Cir. 2011) (quoting Fed.

---

[1] Calderon's guilty plea was unconditional, and such a plea generally results in waiver of all non-jurisdictional challenges to a conviction. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Here, however, the government did not raise the issue of waiver. We therefore do not address it. *See United States v. Lall*, 607 F.3d 1277, 1290 (11th Cir. 2010) (declining to apply waiver to a defendant's challenge of the admissibility of a confession on appeal because the government did not argue that the issue had been waived).

R. Crim. P. 12(b)(3)(A)), *petition for cert. filed*, (U.S. Mar. 29, 2012) (No. 11-9636).  But we have nonetheless assumed that, "where an outrageous governmental conduct challenge was not raised" before the district court, "we may still review the issue for plain error on appeal."  *Id.* (citing *United States v. Kelly*, 888 F.2d 732, 739 & n.2 (11th Cir. 1989)).

A defendant may show plain error only by establishing that "(1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (internal quotation marks omitted).  "As we have repeatedly recognized, an error cannot meet the 'plain' requirement of the plain error rule if it is not clear under current law." *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005).

Calderon concedes that "this Circuit has binding precedent upholding the constitutionality of this type of reverse sting."  Indeed, this court has never held that a reverse-sting operation resulted from outrageous governmental conduct that violated a defendant's due process rights.  *United States v. Jayyousi*, 657 F.3d 1085, 1111 (11th Cir. 2011), *petition for cert. filed*, (U.S. Apr. 2, 2012) (Nos. 11-1194, 11-1198, 11-9672).  Calderon therefore cannot establish that any error by the district court in failing to dismiss his case *sua sponte* was plain.

**AFFIRMED.**