[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14107
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00053-CG-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYANT O'NELL NILES,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 12, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Bryant O'Nell Niles pleaded guilty to one count of wire fraud, in violation

of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18

U.S.C. § 1028A(a)(1).  Following his guilty plea and sentencing, Niles submitted a pro se motion to withdraw his guilty plea, arguing ineffective assistance of counsel led to his decision to plead guilty.  The district court denied his motion.  On appeal, Niles requests that we review the knowing and voluntary nature of his plea.  After review of the parties' briefs and related materials, we affirm.

## I.

When Niles was employed at the Baymont Inn & Suites in Mobile, Alabama, he devised and participated in a scheme to defraud the hotel.  Without authorization, he kept cash that customers had paid for their rooms, then charged credit cards in the hotel's database in an effort to disguise his actions.  He did this for approximately one month.  After he was caught a grand jury indicted him on 11 counts of wire fraud and 11 counts of aggravated identity theft.  As part of an agreement with the government, he pleaded guilty to one count of each.  The written plea agreement contained a limited waiver of Niles's right to appeal.

Niles repeatedly indicated his understanding of the terms of the plea agreement.  He signed the agreement under a paragraph that stated:  "I have read this Plea Agreement and carefully reviewed every part of it with my attorney.  I understand this agreement, and I voluntarily agree to it."  He confirmed this understanding at the plea hearing, telling the district court he had read and discussed the agreement with his attorney before he signed it and acknowledging

2

that he understood its terms.  Ultimately the district court sentenced Niles to 33-months imprisonment.

Shortly after sentencing, Niles moved pro se to withdraw his guilty plea.  He claimed that his counsel gave notice he intended to plead guilty without his consent; explained only part of the plea agreement to him; and did not give him a copy of the plea agreement.  The district court denied Niles's motion, noting that under Fed. R. Crim. P. 11(e) his conviction could only be set aside through a direct appeal or collateral attack because he had already been sentenced.  In addition, Niles's statements at his plea hearing contradicted the claims made in his motion.

## II.

After a district court "imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."  Fed. R. Crim. P. 11(e).  "A defendant who failed to object to the Rule 11 colloquy or move to withdraw his guilty plea prior to sentencing, must show plain error on appeal."  United States v. Chubbuck, 252 F.3d 1300, 1302 (11th Cir. 2001).  "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."  United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).  If a defendant waives the right to appeal by

pleading guilty he waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the guilty plea's voluntary and knowing nature can be sustained.  Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam).

The Due Process Clause of the Fourteenth Amendment requires a guilty plea to be both voluntary and knowing.  Gaddy v. Linahan, 780 F.2d 935, 943 (11th Cir. 1986).  Before the district court accepts a guilty plea, there must be an affirmative showing that the plea was intelligent and voluntary, and the waiver of constitutional rights will not be presumed from a silent record.  Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711–12 (1969).  Under Rule 11, the district court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the nature of the plea being offered and the potential consequences of that plea.  United States v. Lewis, 115 F.3d 1531, 1535 (11th Cir. 1997) (per curiam).  To determine whether the waiver is knowing and voluntary, a court accepting a guilty plea must comply with the three core concerns of Rule 11 by ensuring that:  (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant understands the consequences of his plea.  United States v. Jones, 143 F.3d 1417, 1419–20 (11th Cir. 1998) (per curiam).  There is a strong presumption

4

that statements made during a plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

### III.

To begin, and to the extent that Niles appeals the district court's denial of his motion to withdraw his guilty plea, the district court correctly denied his motion because it lacked jurisdiction to withdraw the guilty plea after sentencing. See Fed. R. Crim. P. 11(e).

Niles also fails to show that the district court plainly erred in finding that his guilty plea was knowing and voluntary. See Chubbuck, 252 F.3d at 1302. Several of Niles's allegations in his motion to withdraw his plea are directly contradicted by his statements made, under oath, at the plea hearing. Even if Niles misunderstood the consequences of pleading guilty after his discussions with his trial counsel, the district court adequately informed Niles of these consequences when it described them at the plea hearing. He identifies nothing in the record suggesting that the district court plainly erred in finding his plea knowing and voluntary, particularly in light of his statements at the plea hearing. See Chubbuck, 252 F.3d at 1302; Medlock, 12 F.3d at 187.

To the extent that Niles's remaining allegations raise a claim of ineffective assistance of counsel, we decline to consider this claim on direct appeal because the record is not sufficiently developed. We generally will not consider claims of

5

ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim or develop a factual record. United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010). "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." Id. (quotation marks omitted). The record contains no information about the specific discussions that Niles and his trial counsel had regarding the notice of intention to plead guilty, the plea agreement, or the possibility of filing motions on Niles's behalf. Niles did not raise, and the district court did not address, any of the issues of ineffective assistance of counsel Niles now seeks to raise, and we decline to consider this claim on direct appeal.

## IV.

Based on the above, we affirm.

**AFFIRMED.**