[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10338
Non-Argument Calendar

_____

D.C. Docket No. 0:99-cr-06153-KMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO VALENCIA,
a.k.a. Juanito,
a.k.a. Luis Valencia-Valencia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 19, 2014)

Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Armando Valencia appeals his conviction and sentence of 235 months' imprisonment, imposed after he pleaded guilty to one count of conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 963.  On appeal, Valencia argues that the district court erred in denying his motion for continuance based on the complexity of the case and the extent of discovery needed.  He also argues that the district court erred at sentencing in failing to recognize its authority to grant a downward departure based on conditions of pretrial detention and in imposing a three-level aggravating role enhancement that was not supported by the evidence.  Finally, Valencia argues that defense counsel provided ineffective assistance of counsel in several respects.  We will address each of these arguments in turn.

I.

We generally review a district court's denial of a motion for continuance for abuse of discretion.  *United States v. Valladares*, 544 F.3d 1257, 1261 (11th Cir. 2008).  However, a defendant's knowing and voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings.  *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984).  Presumably, jurisdictional defects are those implicating the courts' subject matter jurisdiction, which "defines the court's authority to hear a given type of case." *United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984).  We have held that a defect is

2

jurisdictional where the claim may be resolved on "the face of the indictment or the record at the time of the plea without requiring further proceedings." *United States v. Tomeny*, 144 F.3d 749, 751 (11th Cir. 1998).

If a defendant waives the right to appeal by pleading guilty, "only an attack on [the guilty plea's] voluntary and knowing nature can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). When a defendant fails to raise an objection before the district court that his plea was not knowing and voluntary, we review the claim on appeal only for plain error. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003). The defendant must show that there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Because a plea of guilty waives several constitutional rights, the Due Process Clause of the Fourteenth Amendment requires the plea to be both voluntary and knowing. *Gaddy v. Linahan*, 780 F.2d 935, 943 (11th Cir. 1986). Before the district court accepts a guilty plea, there must be an affirmative showing that the plea was intelligent and voluntary, and the waiver of constitutional rights will not be presumed from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12, 23 L.Ed.2d 274 (1969). Under Federal Rule of Criminal Procedure 11, the district court must address the defendant personally in

open court and inform the defendant of, and determine that the defendant understands, the nature of the plea being offered and the potential consequences of that plea. *United States v. Lewis*, 115 F.3d 1531, 1535 (11th Cir. 1997). Rule 11 requires the district court to conduct a searching inquiry into the voluntariness of the defendant's guilty plea. *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996). To determine whether the waiver is knowing and voluntary, a court accepting a guilty plea must comply with the three "core concerns" of Rule 11 by ensuring that: (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant understands the direct consequences of his plea. *United States v. Jones*, 143 F.3d 1417, 1418-19 (11th Cir. 1998).

We have stated that "[a] district court's failure to address a core concern of Rule 11 constitutes plain error." *Lejarde-Rada*, 319 F.3d at 1290 (quotations omitted). "However, a variance from the requirements of Rule 11 is harmless error if it does not affect substantial rights . . . ." *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir.), *petition for cert. filed*, No. 13-5520 (July 23, 2013). We have held that where the district court did not explicitly violate Rule 11 there could be no plain error because there was no precedent from this Court or the Supreme Court directly resolving the issue. *Lejarde-Rada*, 319 F.3d at 1291. A defendant who seeks reversal of his conviction after a guilty plea claiming the district court

4

committed plain error under Rule 11 must demonstrate that there was a reasonable probability that but for the error he would not have pleaded guilty. *Gandy*, 710 F.3d at 1240.

Valencia argues in the alternative that: (1) the denial of a motion for a continuance is a jurisdictional defect that may be challenged in spite of his subsequent guilty plea; and (2) the denial, even if not directly challengeable on appeal, resulted in an involuntary guilty plea. First, the denial of a motion for continuance is not a jurisdictional defect. We have not addressed this question in a published opinion; however, we have held that an unconditional guilty plea waives non-jurisdictional defects such as the right to a speedy trial, the right to inspect grand jury minutes, and the right to challenge the composition of the grand and petit juries. *See United States v. Pierre*, 120 F.3d 1153, 1155-56 (11th Cir. 1997); *United States v. Tallant*, 547 F.2d 1291, 1294 n.4, 1295 (5th Cir. 1977); *Winters v. Cook*, 466 F.2d 1393, 1394-95 (5th Cir. 1972). Similarly, the denial of a motion for continuance is not the type of claim, such as the failure to charge the correct offense or a statute of limitations issue, that can be resolved on "the face of the indictment or the record at the time of the plea without requiring further proceedings." *Tomeny*, 144 F.3d at 751.

Second, the district court did not plainly err in accepting Valencia's guilty plea. Valencia consented to appear before a magistrate judge, who took Valencia's

5

guilty plea, which was later accepted by the district court.  As to the first of Rule 11's core concerns, the magistrate judge asked Valencia if anyone made him any promises or inducements, threatened or coerced him or anyone close to him to get him to change his plea, and Valencia responded in the negative each time. Regarding Valencia's understanding of the nature of the charges, he testified that he reviewed the plea agreement with his attorney prior to signing, and understood that it required him to plead guilty to conspiracy to import cocaine, after which the government would seek dismissal of the remaining counts in the indictment.  The magistrate judge reviewed the facts as described in the plea agreement, and Valencia testified that those facts were true.  Finally, Valencia testified that he signed the written plea agreement after having the agreement translated for him, and that he understood all of the provisions of the agreement.  He understood that by pleading guilty he waived the right to a jury trial and various other procedural safeguards with regard to the charge of conspiracy to import cocaine.  The magistrate judge asked whether he knew that by pleading guilty Valencia waived his right to appeal the conviction, and Valencia spoke with his attorney for a moment before stating that he understood that he was waiving his right to appeal his conviction.  He testified that he had had the opportunity to review the sentencing guidelines and discuss potential sentences with his attorney.  The magistrate judge addressed each of Rule 11's core concerns and did not violate an

explicit and specific requirement of Rule 11. *See Lejarde-Rada*, 319 F.3d at 1290-91. Thus, Valencia has failed to show plain error. Accordingly, Valencia waived his claim regarding the denial of his motion for continuance by pleading guilty.

II.

We generally do not review the merits of a district court's refusal to grant a downward departure, but we may review *de novo* a defendant's claim that the district court mistakenly believed it lacked the authority to grant such a departure. *United States v. Mignott*, 184 F.3d 1288, 1289 (11th Cir. 1999). In *United States v. Pressley*, 345 F.3d 1205, 1218 (11th Cir. 2003), we held "that conditions of confinement could provide a basis for a departure, since this factor was apparently not taken into account by the Sentencing Commission and could be unusual enough to take the case out of the heartland of the applicable guideline range." When nothing in the record indicates otherwise, we assume that the district court understood it had the authority to depart downward, thus precluding review. *See United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999).

Valencia's claim that the district court mistakenly believed it lacked authority to grant him a downward departure based on his pretrial confinement conditions lacks merit because it is unsupported by the record. The district court denied the motion for a downward departure after hearing arguments on the issue from both Valencia and the government. Nothing in the record indicates that the

7

district court mistakenly believed it lacked the authority to grant such a departure. To the contrary, defense counsel specifically cited to *Pressley*, both in Valencia's objections to the presentence investigation report ("PSI") and again at sentencing, and the district court acknowledged that it had seen the case. The government also acknowledged that at least one court had recognized pretrial conditions of confinement could serve as the basis for a departure, but argued instead that it was not a proper basis for a departure under these circumstances, not that such a departure was beyond the district court's authority. Valencia's argument that the district court mistakenly believed it lacked the authority to grant a downward departure fails, and to the extent he argues that the district court otherwise erred in not granting a downward departure, we decline to review his claim. *See Chase*, 174 F.3d at 1195.

## III.

Ordinarily, we review the district court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*. *United States v. Newman*, 614 F.3d 1232, 1235 (11th Cir. 2010) (quotation omitted). We "review[] a sentencing court's determination of a defendant's role in the crime for clear error." *United States v. Gupta*, 463 F.3d 1182, 1197 (11th Cir. 2006). The government bears the burden of proving the facts needed to support a sentencing enhancement

by a preponderance of the evidence. *United States v. Turner*, 626 F.3d 566, 572 (11th Cir. 2010).

However, "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (quotations omitted). We have held that the invited error doctrine precluded review of a defendant's claim on appeal regarding a term of supervised release where defense counsel specifically requested that the district court impose a term of supervised release in lieu of additional jail time. *Id.*

We decline to review Valencia's challenge to the three-level managerial role enhancement because any error in imposing that enhancement was invited by Valencia. Although Valencia objected to the four-level enhancement calculated by the PSI, he requested that the district court impose a three-level enhancement instead. Accordingly, any error in imposing the enhancement was invited by Valencia and we are precluded from reviewing this challenge on appeal. *See Love*, 449 F.3d at 1157.

## IV.

We generally will not consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim or develop a factual record. *United States v. Patterson*, 595 F.3d 1324, 1328 (11th

Cir. 2010).  We will, however, consider such a claim on direct appeal "if the record is sufficiently developed." *Id.* (quotations omitted).  "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." *Id.* (quotations omitted).

We decline to consider Valencia's claim of ineffective assistance of counsel because the record is insufficiently developed.  The main points of error cited by Valencia are: (1) defense counsel's decision to stipulate to the three-level role enhancement and failure to inform the district court, upon its request for information, that one of his codefendants did not receive a role enhancement; (2) failing to move for a variance on the basis of sentencing disparities between Valencia and his codefendants; and (3) failing to prepare for trial and presenting Valencia with the government's plea agreement the day before the change of plea hearing.  It is unclear exactly what facts defense counsel knew of regarding the role Valencia played in the criminal activity, but defense counsel obtained a one-point reduction to the role enhancement and factual concessions from the government regarding Valencia's criminal activity, and the PSI contains some evidence of Valencia's supervisory role.  The record does not make clear what, if any, strategic considerations went into defense counsel's decision to stipulate to a three-level role enhancement instead of the four-level enhancement proposed by the PSI.  The

10

record also presents insufficient information regarding the specific sentences given to Valencia's codefendants and the circumstances surrounding those sentences, and there is no basis from which to evaluate defense counsel's failure to move for a variance based on sentencing disparities.  Similarly, the record does not contain any information in support of Valencia's assertions regarding his counsel's preparation for trial and whether it was reasonable to present Valencia with the government's plea agreement on the eve of the plea.  Accordingly, because this claim was not raised before the district court and the record is insufficiently developed, we decline to consider Valencia's ineffective assistance claim on direct appeal.

Based on the above, we affirm Valencia's convictions and sentence and decline to consider his claim of ineffective assistance of counsel at this time.

**AFFIRMED.**