[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11953
Non-Argument Calendar

_____

D.C. Docket Nos. 0:17-cv-60055-KMW,
0:12-cr-60251-KMW-1

LEE ERVIN DALE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2020)

Before WILSON, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Lee Dale, a federal prisoner serving a ten-year sentence, appeals the district

court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255.  Dale

was convicted at trial of two counts of theft of government monies, in violation of

18 U.S.C. §§ 641 and 2; six counts of making false, fictitious, and fraudulent

claims, in violation of 18 U.S.C. §§ 287 and 2; and two counts of aggravated

identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  We issued a certificate of

appealability (COA) on the single issue of whether Dale's counsel was ineffective

for not telling him of two plea offers and, in that regard, not advising him of

possible sentences resulting from a guilty plea versus a trial.

In reviewing the denial of a § 2255 motion, we review legal conclusions de

novo and findings of fact for clear error.  *Spencer v. United States*, 773 F.3d 1132,

1137 (11th Cir. 2014).  Whether trial counsel was ineffective is a mixed question

of law and fact that is reviewed de novo.  *United States v. Bender*, 290 F.3d 1279,

1284 (11th Cir. 2002).  We will not disturb a credibility finding unless it is "so

inconsistent or improbable on its face that no reasonable factfinder could accept

it."  *Rivers v. United States*, 777 F.3d 1306, 1317 (11th Cir. 2015).

The Sixth Amendment guarantees criminal defendants the right to effective

assistance of counsel, U.S. Const., amend. VI, and this right extends to plea

negotiations, *Missouri v. Frye*, 566 U.S. 134, 144 (2012).  To succeed on an

ineffective-assistance-of-counsel claim, a movant must show that (1) his attorney's

performance was deficient, and (2) the deficient performance prejudiced his

defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A movant claiming

2

ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if a defendant has made an insufficient showing of one.  *Id.* at 697.  Conclusory allegations of ineffective assistance of counsel are insufficient to merit relief.  *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam).

Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  Failure to communicate a formal plea offer that may be favorable to the accused amounts to deficient performance.  *Frye*, 566 U.S. at 145.

Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  In order to show prejudice under *Strickland* in the context of a rejected or failed plea offer, a movant must show a reasonable probability that, but for counsel's ineffectiveness: (1) he would have accepted the plea offer; (2) his plea would have been entered without the government cancelling its terms or the trial court refusing them; (3) and the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or

sentence of less prison time. *Frye*, 566 U.S. at 147. A defendant's repeated assertions of innocence are a relevant consideration in determining whether he would have accepted a plea. *Osley v. United States*, 751 F.3d 1214, 1224 (11th Cir. 2014).

Dale has not met his burden of demonstrating prejudice under *Strickland*. First, because he did not provide evidence of the terms of the plea offer—other than vague statements that it was "generous"—he has not shown that the offer would have been accepted without the government or the trial court rejecting its terms or that those terms would have resulted in a more favorable outcome than trial. *See Frye*, 566 U.S. at 147. Dale's conclusory statements are not sufficient to make this showing. *See Wilson*, 962 F.2d at 998. Further, Dale has not shown that there was a reasonable probability that he would have accepted a plea offer had he known about it. *See Frye*, 566 U.S. at 147. Rather, Dale's testimony at the evidentiary hearing and the broader record support the district court's finding that Dale would not have accepted any plea offer. Because Dale has failed to establish prejudice, *see id.*, we need not decide whether he established that counsel's performance was deficient, *see Strickland*, 466 U.S. at 697. Accordingly, we affirm the district court's denial of Dale's ineffective-assistance-of-counsel claim.

**AFFIRMED.**