[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10368

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL MENDOZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cr-20113-JEM-1

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Michael Mendoza appeals his conviction and 120-month sentence for receiving and possessing child pornography. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Search and Indictment

In September 2019, law enforcement searched Mendoza's home and seized multiple pieces of electronic media, including a computer, two external hard drives, and eleven compact discs. The computer contained six videos of minors engaged in sexually explicit conduct, including a partially downloaded video that was saved in the shared folder of a peer-to-peer file sharing program. The CDs and hard drives contained a combined total of 309 photos and videos of child pornography.

In a post-*Miranda*[1] interview, Mendoza told law enforcement that he downloaded child pornography using peer-to-peer file sharing programs, saved it onto the CDs, and labeled the CDs with terms indicating their content. Mendoza said that he worked as a systems operator at a datacenter, acknowledged that he knew how peer-to-peer file sharing works, and admitted that he frequently cleared out the shared folder of the peer-to-peer file sharing

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

program. A federal grand jury charged Mendoza with receipt of child pornography, in violation of 18 U.S.C. sections 2252(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. sections 2252(a)(4)(B) and (b)(2).

### B. Plea

Mendoza signed a factual proffer, without a written plea agreement, that detailed the items seized by law enforcement. At the change-of-plea hearing, the district court advised Mendoza that he should ask for clarification as needed and instructed him not to answer any questions he didn't understand. Mendoza said that he'd fully discussed the charges with his attorney and expressed satisfaction with his representation and advice. The district court explained the rights Mendoza would relinquish by pleading guilty, and Mendoza affirmed that he understood.

When the district court asked Mendoza whether he'd discussed the sentencing guidelines with his attorney, Mendoza replied, "I'm not sure about the guidelines, Your Honor." The district court asked Mendoza's counsel whether he'd discussed the guidelines with Mendoza, to which he replied: "Judge, I have explained to him that it's up to the [c]ourt's discretion what the guideline [range] is, and [how it] will be calculated, but that's about it. That's what we've covered." When the district court asked Mendoza if he understood that it had the authority to impose a stricter sentence than the guidelines called for, Mendoza affirmed that he did. Mendoza listened as the district court went through the facts and charges against him, and then he pleaded guilty to both counts.

The district court determined that Mendoza's plea was knowing, voluntary, and supported by an independent factual basis containing each essential element of the offenses.

## C. *Sentencing*

After the plea, the probation office prepared a presentence investigation report. Mendoza's offense level was increased based on various aggravating factors, including a two-level enhancement for knowingly engaging in distribution. Adjusted to account for acceptance of responsibility, Mendoza's total offense level was thirty-five. Based on this total offense level and a criminal history category of I, Mendoza's guideline range was 168 to 210 months' imprisonment.

Mendoza objected to the presentence investigation report, arguing that the guideline range of 168 to 210 months' imprisonment "far exceed[ed]" what was necessary to satisfy the primary goals of section 3553(a). He took exception to the finding that he'd knowingly engaged in distribution. He also emphasized the need to avoid unwarranted sentencing disparities, citing cases within the Southern District of Florida where courts granted downward variances, and asked for a similar downward variance. Mendoza attached several positive character reference letters to his motion, including one from his brother. The government requested that the court overrule Mendoza's objections.

At his sentencing hearing, Mendoza sought to call the same brother who submitted a character letter in Mendoza's favor. The district court denied Mendoza's request, saying that it had read his

brother's letter carefully and was taking its contents into account but that it didn't like to hear the same information again. The district court explained that—based on the parties' presentation at sentencing, the presentence investigation report, the advisory guidelines, and the section 3553(a) factors—it was going to vary downward from the 168- to 210-month range and sentence Mendoza to 120 months' imprisonment as to each count, to be served concurrently. When the district court asked Mendoza if he objected to the findings of fact or the manner in which the sentence was imposed, Mendoza stated that he didn't.

## STANDARD OF REVIEW

When an issue is raised for the first time on appeal, we review it for plain error. *United States v. Presendieu*, 880 F.3d 1228, 1237 (11th Cir. 2018). We generally review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). But when a defendant doesn't raise a relevant objection at the time of sentencing, we also review for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). "Under plain-error review, the defendant has the burden to show that there is (1) error (2) that is plain and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003) (quotations, alterations, and citations omitted).

## DISCUSSION

On appeal, Mendoza makes what amounts to three arguments:  first, that his guilty plea wasn't knowing and voluntary; second, that his total sentence was procedurally unreasonable; and finally, that his total sentence was substantively unreasonable.

### A. Knowing and Voluntary Plea

If a defendant waives the right to appeal by pleading guilty, he may object only to the knowing and voluntary nature of the plea by showing that the district court failed to confirm that the plea was knowing and voluntary before accepting it.  *Boykin v. Alabama,* 395 U.S. 238, 242–43 (1969); *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992).  To determine whether a plea is knowing and voluntary, the district court must address the defendant personally in an open hearing and comply with the three "core principles" of Federal Rule of Criminal Procedure 11 by ensuring that: (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant understands the direct consequences of his plea.  *United States v. Jones,* 143 F.3d 1417, 1418–19 (11th Cir. 1998).  We determine whether the core concerns were satisfied by reviewing the record of the hearing, *id.* at 1420, and there's a strong presumption that statements made during a plea colloquy are true, *United States v. Medlock,* 12 F.3d 185, 187 (11th Cir. 1994).

Mendoza argues that his plea wasn't knowing and voluntary because it was premised on a fundamental misunderstanding of

the federal sentencing guidelines and how they applied to his plea and the facts of his case. But a review of the hearing reveals that the district court complied with the core concerns of Rule 11 by ensuring that Mendoza: (1) had fully discussed the charges with his attorney and was satisfied with his representation and advice, (2) understood the rights he would relinquish by pleading guilty, (3) understood that the district court had the authority to impose a stricter sentence than the guidelines called for, and (4) understood the facts and charges against him. Only when Mendoza confirmed all of this, under oath, did the district court find his plea to be knowing and voluntary. And even if Mendoza misunderstood how the guidelines would be used, the district court adequately informed him. Because the district court complied with the core concerns of Rule 11 and Mendoza doesn't argue that he was coerced, we conclude that the district court committed no error in accepting Mendoza's plea.

## B. Procedural Reasonableness

Mendoza argues that his total sentence was procedurally unreasonable because: (1) a guideline enhancement for distribution was improper because he didn't knowingly distribute the material; (2) the district court improperly denied his request to present his brother's supporting witness testimony at sentencing; and (3) the district court failed to ensure that he'd reviewed the presentence investigation report, as required under Federal Rule of Criminal Procedure 32.

### 1. *Enhancement for Distributing Child Pornography*

Under the sentencing guidelines, the district court must add two points to a defendant's offense level if he knowingly distributed child pornography. U.S.S.G. § 2G2.2(b)(3)(F). The commentary defines distribution as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." *Id.* § 2G2.2 cmt. n.1. This element is satisfied when a user allows child pornography files to be accessed on the internet by placing them in the shared folder of a peer-to-peer sharing program, knowing that the files are then accessible to others. *United States v. Spriggs*, 666 F.3d 1284, 1287 (11th Cir. 2012).

Mendoza admitted that he knew how peer-to-peer file sharing works and that he downloaded child pornography using a peer-to-peer network that was saved in his shared folder, which he frequently cleared out. Accordingly, the distribution element of section 2G2.2(b) was satisfied, and the district court didn't abuse its discretion in applying the two-level increase.

### 2. *Denial of Brother's Testimony at Sentencing*

The district court did not plainly err in declining Mendoza's request to allow his brother to speak at the sentencing hearing. Federal Rule of Criminal Procedure 32(i)(4) provides a list of people who must be permitted to speak at a sentencing hearing, including the defendant, his attorney, and the government's attorney. Because this list does not include any of a defendant's relatives,

including a brother, the district court was not required to allow Mendoza's brother to testify.

Also, the district court considered mitigating evidence from Mendoza's brother in the character letter he submitted to the court. While Mendoza suggests, for the first time on appeal, that his brother might have added to what was already in the record, there is nothing in the record to support that assertion or show that if his brother had been allowed to speak, it would have affected the outcome of his sentencing.

### 3. *Review of Presentence Investigation Report*

Rule 32 requires the sentencing court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). In applying an earlier version of Rule 32(i)(1)(A), we've held that no specific inquiry is required in order for the district court to meet this obligation, as long as the record indicates that the defendant's counsel reviewed the presentence investigation report with the defendant. *See United States v. Aleman,* 832 F.2d 142, 144 & n.6 (11th Cir. 1987). In *Aleman,* we concluded that the district court complied with this obligation by asking, "[A]re there any problems with the presentence report?" *Id*. at 142.

Here, the record contains numerous indications that Mendoza's attorney had reviewed the presentence investigation report with him before the hearing. Specifically, Mendoza filed objections to the presentence investigation report, and his attorney discussed those objections in depth with the district court. Mendoza points

out that the district court didn't directly address him at sentencing to inquire about whether he'd read the presentence investigation report or reviewed it with his attorney. But such an inquiry wasn't required, *see id.* at 144 n.6, so the district court committed no error.

## C. Substantive Reasonableness

We examine whether a sentence is substantively reasonable considering the totality of the circumstances. *Gall*, 552 U.S. at 51. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in section 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and avoid unwarranted sentence disparities among defendants with similar records who've been found guilty of similar conduct. 18 U.S.C. § 3553(a)(2), (6). A district court abuses its discretion when it: (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). A sentence imposed well below the statutory maximum penalty is an indicator of its reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). We'll vacate on substantive reasonableness grounds only if we're left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the section 3553(a) factors by arriving at a sentence that

lies outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F.3d at 1190.

Mendoza argues that his sentence was substantively unreasonable based on the section 3553(a) factors. But the only factor he mentions is whether the sentence resulted in an unwarranted sentencing disparity with similar defendants.

At sentencing, the district court said that it had considered the presentation of the parties, the presentence investigation report, and the advisory guidelines prior to imposing the sentence. And it explicitly stated that it considered the section 3553(a) factors. In particular, it found that a 120-month sentence would be sufficient punishment and deterrence based on the nature and circumstances of the offense, and it emphasized the need for the sentence to reflect the seriousness of the offense while also taking into account Mendoza's lack of criminal history and his age. This sentence was far below not only the statutory maximum but also the guideline range. Thus, Mendoza fails to show that his sentence is substantively unreasonable in light of the record and the section 3553(a) factors. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2007). Even if Mendoza's total sentence created a sentencing disparity, the need to avoid such disparities is only one factor articulated in section 3553(a), and the weight given to any specific factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

**AFFIRMED.**