[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14426

Non-Argument Calendar

_____

MICHAEL JOSEPH ARMANO,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 8:19-cv-02947-RAL-TGW,
8:16-cr-00182-RAL-TGW-1

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Armano, a federal prisoner, appeals the district court's denial of his motion to vacate filed pursuant to 28 U.S.C. § 2255. He alleged that his trial counsel was ineffective because she failed to move to suppress evidence including incriminating statements that he made during an interview with law enforcement. Because Armano waived this claim by pleading guilty, we affirm.

## I.

In 2016, Armano pleaded guilty to one count of enticement of a minor and one count of possession of child pornography. At the change of plea hearing, Armano, who was represented by counsel, stated that he had reviewed and discussed the plea agreement with his attorney, he understood it, and he was satisfied with his attorney's representation. After the district court imposed a total sentence of 360 months, Armano appealed. On appeal, we concluded that Armano's plea was knowing and voluntary and affirmed his conviction. *See United States v. Armano*, 748 F. App'x 222, 227–29 (11th Cir. 2018) (unpublished).

Armano then filed a § 2255 motion in which he raised several grounds, one of which is relevant to this appeal. In Ground One, he alleged that his trial counsel was ineffective in failing to move to suppress evidence, including incriminating statements he made during an interview with law enforcement. After an evidentiary

hearing, the district court denied the motion, concluding that trial counsel was not ineffective.

This is Armano's appeal.

## II.

When reviewing a district court's order denying a § 2255 motion, we review its factual findings for clear error and its legal conclusions *de novo*. *Dell v. United States*, 710 F.3d 1267, 1272 (11th Cir. 2013).

## III.

"A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction" and may attack only "the voluntary and knowing nature of the plea." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). A defendant does not necessarily waive an ineffective assistance of counsel claim simply by entering a plea. *See Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345, 1349 (11th Cir. 2015). But he does waive an ineffective assistance claim by entering a plea when the "claim of ineffective assistance is not about his decision to plead guilty." *Wilson*, 962 F.2d at 997.

Here, Armano argues that his trial counsel was ineffective because she failed to file a motion to suppress. But he did not assert in Ground One of his § 2255 motion or argue in his appellate brief this alleged ineffectiveness prevented his plea from being knowing and voluntary. Because this ineffective assistance claim is not about Armano's decision to plead guilty, it was waived by his guilty plea.

4                          Opinion of the Court                    21-14426

*See id.* Accordingly, we affirm the district court's denial of his § 2255 motion.

**AFFIRMED.**