SCHEB, Acting Chief Judge.
The state charged the defendant Sheila Ann Rickard with possession of cocaine and marijuana. The trial court denied her motion to suppress inculpatory statements she made at the time of her arrest. Defendant was tried by jury, found guilty as charged and sentenced. On appeal, she raises several issues. We find merit in her contention that the trial court erred in refusing to suppress statements which she claims were involuntarily made.
On March 30, 1985, at about 4:00 a.m., eight officers from the Pasco County Sheriff’s Department, armed with a search warrant and with their weapons drawn, surrounded the house where defendant lived with her husband and children. The offi *737 cers, through a loud speaker, ordered all persons to come out of the house.
While the officers searched the house, defendant’s baby and two other young children clung to her. Defendant was kept apart from her husband. She was crying and distraught. After the officers gave defendant her Miranda warnings, they told her that if they found the drugs they were searching for, both she and her husband would go to jail. The four officers who testified at the suppression hearing acknowledged that the defendant was repeatedly informed of the substantial assistance program[1] and told that she could benefit by cooperating with the police.
During the episode the Department of Health and Rehabilitative Services personnel removed the children from the home and law enforcement officers transported the defendant’s husband to jail. It was after this, and after the officers’ continuous reference to the substantial assistance program, that the defendant made the incriminatory statements from which the state was able to establish at trial that she had constructive possession of contraband drugs.
In order for inculpatory statements to be admissible, they must have been freely and voluntarily given; they cannot have been brought about by any direct or implied promise, however slight. Brewer v. State, 386 So.2d 232 (Fla.1980); Brockelbank v. State, 407 So.2d 368 (Fla. 2d DCA 1981). An accused’s emotional condition when giving such statements may have an important bearing on their volun-tariness. Breedlove v. State, 364 So.2d 495 (Fla. 4th DCA 1978), cert. denied, 374 So.2d 101 (Fla.1979). Here, the trial judge declined to allow the defendant to present testimony of her mental condition. We think this was error because courts have long recognized that coercion to induce confessions and admissions can be mental as well as physical. See, e.g., Blackburn v. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). Nevertheless, from the testimony of the officers we can readily perceive the highly charged environment in which the defendant’s statements were made.
Moreover, while the mere mention of the substantial assistance program and the fact that a person’s cooperation would be made known to the authorities is insufficient to render a confession or admission involuntary, see State v. Williams, 358 So.2d 1094 (Fla. 1st DCA 1978), here the totality of the circumstances demonstrated such an exertion of undue influence and implied promise of benefits as to render the defendant’s admissions involuntary. Thus, the trial judge erred in denying the defendant’s motion to suppress her inculpatory statements.
In view of our holding we need not pass on the defendant’s contention that the trial court erred in giving the standard jury instruction on principals. We are confident that should there be a new trial the court will carefully evaluate the evidence to determine whether such an instruction would be proper. See § 777.011, Fla.Stat. (1985); Fla.Std.Jury Instr. (Crim.) 3.01.
Likewise, we do not reach the defendant’s challenge to the imposition of costs. However, should a new trial result in defendant’s conviction, the trial court will find the supreme court’s recent decision in State v. Yost, 507 So.2d 1099 (Fla.1987), determinative on assessment of costs under section 27.3455 and may find our recent decision in Sescon v. State, 506 So.2d 45 (Fla. 2d DCA 1987) instructive on assessment of costs under sections 943.25 and 960.20.
Accordingly, we vacate the defendant’s conviction and sentence and remand for such further proceedings as may be appropriate, consistent with this opinion.
SCHOONOVER and HALL, JJ., concur.

. The substantial assistance program is provided by section 893.135(3), Florida Statutes (1985).