PER CURIAM.
The defendant appeals his conviction of involuntary sexual battery committed upon a minor female. His claims here focus upon the admission at trial of inculpatory statements made by him to detectives after having received his Miranda rights and, in particular, to such a statement made to one of the examining psychiatrists appointed by the court to evaluate his competence to stand trial. Contrary to appellant’s claims of incompetence, his behavior appeared normal when the inculpatory statements were made, and we can find no evidence to support the claim of any police coercion or overreaching so as to render those statements other than the product of his rational, free will. Colorado v. Connelly, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). Unlike the situation in Rickard v. State, 508 So.2d 736 (Fla. 2d DCA 1987), relied upon by the appellant, the defendant’s emotional condition in the present case at the time the inculpatory statements were made was fully explored and assessed by the trial judge prior to his determination of the defendant’s competency to stand trial and the eventual admission of those statements at trial.
Affirmed.