[PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11441
_____

D.C. Docket No. 6:12-cv-01823-GAP-KRS


EDWIN ARVELO,

Petitioner–Appellant,


versus


SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents–Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 10, 2015)

Before MARTIN and ROSENBAUM, Circuit Judges, and PROCTOR,[*] District Judge.

MARTIN, Circuit Judge:

Edwin Arvelo, a Florida prisoner, appeals the District Court's denial of his 28 U.S.C. § 2254 federal habeas petition. In 2007, Mr. Arvelo was sentenced to 60 years in prison after he pleaded nolo contendere to kidnapping with intent to commit sexual battery, attempted sexual battery using physical force, aggravated battery causing great bodily harm, and attempted first-degree murder. He argues here, as he did in his state habeas petition, that he was questioned in violation of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), and his lawyer was ineffective for failing to move to suppress statements he made during that interrogation. The District Court found that the state court's resolution of this claim was neither "contrary to, [nor] involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). We conclude to the contrary, and remand to the District Court for further proceedings consistent with this opinion.

I.

On the morning of August 16, 2006, Mr. Arvelo attacked and choked Carol Bergeron in a parking garage and then dragged her into his car. Fortunately for

---

[*] Honorable R. David Proctor, United States District Judge for the Northern District of Alabama, sitting by designation.

Ms. Bergeron, Mr. Arvelo's car did not start. When he got out to look at the engine, Ms. Bergeron locked him out and began honking the car's horn. This attracted the attention of two of Ms. Bergeron's coworkers. They called the police, and Mr. Arvelo fled.

Later that morning, officers from the Maitland Police Department took Mr. Arvelo into custody. At the beginning of his interrogation, Mr. Arvelo confirmed that he understood his Miranda rights and immediately waived them. However, he went on to tell the interrogating police officer, Detective Nick Collins, that he had drunk almost an entire bottle of whiskey early that morning and had not eaten or slept since.[1] Perhaps for this reason, Mr. Arvelo's statements during the interrogation were occasionally incoherent; for instance, when asked why he was at the police station, he responded that he "hope[d] that it is because, [Detective Collins] will help him, or find help" and said that Detective Collins had been "appointed by God."

Although Detective Collins told Mr. Arvelo that he couldn't "promise" anything, he also repeatedly said that he would try to help Mr. Arvelo as long as Mr. Arvelo told the truth about what happened. And when Mr. Arvelo expressed concern about going to prison, Detective Collins downplayed the seriousness of Mr. Arvelo's offense, suggesting that he had made a "mistake" but wasn't being

---

[1] Detective Collins also said that he smelled alcohol.

3

questioned for "something that's going to take [his] life away."  In fact, Detective Collins said that Mr. Arvelo may not serve any prison time at all.

Ultimately, Mr. Arvelo admitted that he forced Ms. Bergeron into his car with the intention of having sex with her.  His confession was partially corroborated by eyewitness testimony and DNA evidence.  Both Ms. Bergeron and one of her coworkers identified Mr. Arvelo as the attacker, and Mr. Arvelo's DNA was found under Ms. Bergeron's fingernails.  Importantly, however, neither Ms. Bergeron nor her coworkers stated that Mr. Arvelo touched Ms. Bergeron in a sexual manner or threatened to sexually assault her.  Thus, Mr. Arvelo's confession was the only piece of direct evidence supporting the State's charges of attempted sexual battery and kidnapping with the intent to commit sexual battery.[2]

Mr. Arvelo's lawyer did not move to suppress his confession, and he eventually pleaded nolo contendere to a four-count information.  Consistent with his allegations here that his lawyer never discussed any potential defenses with him, when Mr. Arvelo unsuccessfully tried to withdraw his plea, his lawyer testified that her strategy had been to enter an open plea with the hope of avoiding a life sentence.

---

[2] "'Sexual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object."  Fla. Stat. § 794.011(1)(h).

After an unsuccessful direct appeal, Mr. Arvelo filed a state habeas petition. As relevant here, he argued that the Maitland Police Department violated his Miranda rights and his lawyer was ineffective because she did not move to suppress his confession. Although Mr. Arvelo requested an evidentiary hearing, the state post-conviction court did not hold one. Instead, it denied his petition, finding that Mr. Arvelo had waived his ineffective assistance claim by entering a plea.

Mr. Arvelo next filed this federal habeas petition. The District Court denied relief. It first acknowledged the state court finding that Mr. Arvelo had waived his ineffective assistance of counsel claim "by entering his pleas." Then it offered three other reasons for rejecting Mr. Arvelo's claim: first, he "could have been convicted on the basis of eyewitness testimony and DNA evidence"; second, he had not shown prejudice because he "received the benefit of his plea in the form of a sentence lower than that which he could have expected following a trial"; and third, he had not proved that his confession was involuntary or coerced. Thus, the District Court held that the state court's denial of Mr. Arvelo's ineffective assistance claim was not contrary to, or an unreasonable application of, clearly established federal law. Mr. Arvelo now timely appeals.

II.

Where, as here, a state court's factual findings are not in dispute, federal courts may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1). A decision is contrary to clearly established federal law if it "applied a rule that contradicts the governing law set forth by Supreme Court case law." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). If the state court decision was contrary to clearly established federal law, federal courts are not necessarily limited to the state court record; instead, we may hold an evidentiary hearing and consider new evidence. See Madison v. Comm'r, Ala. Dep't of Corr., 761 F.3d 1240, 1249–50 & n.9 (11th Cir. 2014); see also Sanchez v. Roden, 753 F.3d 279, 307 (1st Cir. 2014) ("[Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388 (2011)], we believe, does not prohibit an evidentiary hearing once a petitioner has successfully shown the state court unreasonably applied federal law.").

To begin, we have little difficulty concluding that the state court misapplied binding Supreme Court precedent. Contrary to the state court's decision, the Supreme Court has expressly held that a defendant does not waive an ineffective assistance of counsel claim simply by entering a plea. Instead, because "voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases," courts must

6

continue to apply the familiar two-part test provided by Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Hill v. Lockhart, 474 U.S. 52, 56–57, 106 S. Ct. 366, 369–70 (1985) (quotation omitted). Therefore, we decide (1) whether counsel's representation fell below an objective level of reasonableness, and (2) if so, whether a defendant suffered prejudice as a result. Id. at 57, 106 S. Ct. at 369.

In cases like this one, where a petitioner faults his lawyer for failing to pursue a motion to suppress prior to entering a plea, both the deficient performance and prejudice prongs of Strickland turn on the viability of the motion to suppress. This is because a lawyer's performance only falls outside the range of competence demanded of counsel if she did not pursue a motion to suppress that would have affected the outcome of the case had the defendant rejected the plea and proceeded to trial. Premo v. Moore, 562 U.S. 115, 124, 131 S. Ct. 733, 741 (2011) (addressing Strickland's performance prong and stating that the relevant question was whether "no competent attorney would think a motion to suppress would have failed"); Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1219 n.6 (11th Cir. 2015) ("Hill makes clear that the prejudice inquiry in a case like this turns largely on an assessment of whether the defense likely would have changed the outcome at trial.").

We recognize that in deciding whether to enter a plea, defense lawyers carefully balance both "opportunities and risks" without fully knowing the strength

7

of the State's case.  Moore, 562 U.S. at 124, 131 S. Ct. at 741.  Therefore, we must, as we do for all Strickland claims, afford "substantial deference" to a lawyer's strategic choices.  Id. at 126, 131 S. Ct. at 742.  But because ineffective assistance of counsel claims are not waived by entering a plea, the state court's failure to consider those strategic choices at all was contrary to clearly established federal law.

We also reject the District Court's alternative reasons for denying relief. First, although Ms. Bergeron's and her coworkers' statements and the DNA evidence may establish that Mr. Arvelo attacked and choked Ms. Bergeron, they do not show that he intended to sexually assault her.  Instead, Mr. Arvelo's confession is the only direct evidence supporting his convictions for kidnapping with the intent to commit sexual battery and attempted sexual battery.

Second, in finding that Mr. Arvelo had not shown prejudice because he had received the "benefit" of a 60-year sentence, the District Court applied the wrong legal standard.  As the Supreme Court explained in Hill, our prejudice analysis must focus on whether Mr. Arvelo's motion to suppress would have succeeded at trial.  474 U.S. at 59, 106 S. Ct. at 371 (explaining that in cases like this, "the resolution of the 'prejudice' inquiry will depend largely on whether the . . . defense

likely would have succeeded at trial"). Thus, the District Court's speculation regarding Mr. Arvelo's sentence has no relevance.[3]

Finally, the District Court's holding that Mr. Arvelo had not already proved his confession was involuntary imposes too great a burden in light of the state court's refusal to consider the merits of Mr. Arvelo's claim or hold an evidentiary hearing. To be sure, the likely success of Mr. Arvelo's motion to suppress will be of critical importance in our Strickland analysis. See id. However, once a habeas petitioner has shown that a state court decision was contrary to clearly established federal law, he is not necessarily required to prove that he is entitled to relief solely on the basis of the state-court record. See Madison, 761 F.3d at 1249–50 & n.9. Thus, the District Court should have considered whether it was required to conduct an evidentiary hearing.

## III.

In sum, we hold that the state court's decision that Mr. Arvelo had waived his ineffective assistance claim by entering a plea was contrary to clearly established federal law, and reject the District Court's alternative reasons for denying Mr. Arvelo's claim. Mr. Arvelo's federal habeas petition alleges that his lawyer was ineffective for failing to suppress a confession obtained in violation of

---

[3] Beyond that, it is questionable whether Mr. Arvelo received any "benefit" by pleading no-contest. The State made no bargain with Mr. Arvelo in exchange for his plea. And there is no evidence that the state court imposed a lesser sentence because of the plea. In fact, the court made clear that given the evidence presented by the State—which included Mr. Arvelo's confession—it was "not sure that a plea was driven by any level of remorse in this matter."

his Miranda rights, and that this confession is the only piece of evidence supporting his convictions for kidnapping with intent to commit sexual battery and attempted sexual battery using physical force.  This allegation, if true, would entitle Mr. Arvelo to habeas relief.[4]  See, e.g., Moore, 562 U.S. at 123–29, 131 S. Ct. at 740–43 (failure to file a motion to suppress can constitute ineffective assistance of counsel if a petitioner shows deficient performance and prejudice). However, because neither the state habeas court nor the District Court afforded Mr. Arvelo the opportunity to develop the factual basis for this claim, the record before us is insufficient to properly resolve Mr. Arvelo's petition.  Therefore, we remand to the District Court to hold an evidentiary hearing and reconsider Mr. Arvelo's claim in light of this opinion.

**REVERSED AND REMANDED.**

---

[4] Mr. Arvelo requested, but was denied, an evidentiary hearing in his state and federal habeas petitions.  Thus, he has not "failed to develop" the factual basis for his claim within the meaning of 28 U.S.C. § 2254(e)(2).  See Williams v. Taylor, 529 U.S. 420, 437, 120 S. Ct. 1479, 1491 (2000).