[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10757
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-01823-GAP-KRS

EDWIN ARVELO,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 10, 2017)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Edwin Arvelo, a Florida prisoner, appeals the district court's denial of his habeas corpus petition filed under 28 U.S.C. § 2254.  The district court previously denied his petition without holding an evidentiary hearing, but this Court vacated that denial and remanded with instructions to conduct an evidentiary hearing and reconsider his claim.  See Arvelo v. Sec'y, Fla. Dep't of Corr., 788 F.3d 1345, 1350 (11th Cir. 2015).  After doing so, the district court again denied Arvelo's petition.  This Court granted Arvelo a certificate of appealability ("COA") on the following issue:

> Whether trial counsel rendered ineffective assistance in failing to move to suppress Arvelo's confession because it violated his Fifth and Fourteenth Amendment rights before advising him to plead nolo contendere in his case.

We now consider this issue.  After careful review, we affirm.

I.

This Court summarized the facts of Arvelo's case when it considered his previous appeal.  See id. at 1346–47.  On the morning of August 16, 2006, Arvelo attacked Carol Bergeron in a parking garage and dragged her into his car.  Id. at 1346.  Arvelo could not get his car to start, and when he got out to look at the engine, Bergeron locked him out and honked the car's horn.  Id. at 1346-47.  Two of Bergeron's coworkers noticed and called the police.  Id. at 1347.  Arvelo fled the scene.  Id.

2

Later that morning, officers from the Maitland (Florida) Police Department took Arvelo into custody. Id. Arvelo said he understood his Miranda rights and immediately waived them. Id. Eventually, he admitted he forced Bergeron into his car intending to have sex with her. Id. However, neither Bergeron nor her coworkers said Arvelo touched Bergeron in a sexual manner or threatened to sexually assault her. Id. Thus, Arvelo's confession was the only piece of evidence supporting the state's charges of attempted sexual battery and kidnapping with the intent to commit sexual battery. Id. Arvelo's lawyer did not move to suppress the confession, and Arvelo eventually pleaded nolo contendere to: (1) kidnapping with intent to commit sexual battery; (2) attempted sexual battery using physical force; (3) aggravated battery causing great bodily harm; and (4) attempted first-degree murder. Id. at 1346–47. The state court sentenced him to 60-years imprisonment. Id. at 1346. After an unsuccessful direct appeal, Arvelo filed a state habeas petition arguing that his lawyer was ineffective for failing to move to suppress his confession. Id. at 1347. The state court found that Arvelo waived his ineffective assistance claim by entering a plea. Id.

Arvelo then filed a federal habeas petition under 28 U.S.C. § 2254 and argued the same ineffective assistance claim. Id. The district court acknowledged the state court's finding that Arvelo had waived this claim by entering a plea, and also offered three other reasons for rejecting it. Id. As a result, the court denied

Arvelo's petition without holding an evidentiary hearing.  On appeal, this Court held that the state court's failure to consider Arvelo's ineffective assistance claim was "contrary to clearly established federal law" because "the Supreme Court has expressly held that a defendant does not waive an ineffective assistance of counsel claim simply by entering a plea."  Id. at 1348–49.  We also rejected the district court's alternative reasons for denying Arvelo's claim without holding an evidentiary hearing, and remanded with instructions to do so and reconsider his claim on that record.  Id. at 1349–50.

On remand, the district court held an evidentiary hearing on Arvelo's ineffective assistance claim.  Arvelo, his trial counsel, and the state prosecutor all testified.  The district court also admitted into evidence the transcript and audio recording of Arvelo's August 2006 interrogation.  Then, on February 3, 2016, the district court again denied Arvelo's claim.  This Court granted a COA on the ineffective assistance issue.

## II.

We review de novo the district court's denial of an ineffective assistance of counsel claim.  Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010).  Under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), a habeas petitioner demonstrates ineffective assistance of counsel by showing that (1) counsel's representation fell below an objective standard of reasonableness; and

4

(2) counsel's deficient performance prejudiced the petitioner. Johnson v. Sec'y, Dep't of Corr., 643 F.3d 907, 928–29 (11th Cir. 2011). Because a petitioner must satisfy both prongs of the Strickland test to show ineffective assistance of counsel, we "need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward, 592 F.3d at 1163. In the context of pleas, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). "In cases like this one, where a petitioner faults his lawyer for failing to pursue a motion to suppress prior to entering a plea, both the deficient performance and prejudice prongs of Strickland turn on the viability of the motion to suppress." Arvelo, 788 F.3d at 1348. For the prejudice prong, this is because a non-meritorious motion to suppress would not have affected the outcome if the defendant had rejected the plea and proceeded to trial. Id. Thus, we must determine whether a motion to suppress would have succeeded, which in turn requires us to resolve whether Arvelo's confession was admissible.

To determine the admissibility of a confession, courts apply a two-part inquiry: (1) whether the police complied with the requirements of Miranda;[1] and (2) whether the confession was voluntary. United States v. Jones, 32 F.3d 1512, 1516 (11th Cir. 1994) (per curiam). When deciding whether a defendant confessed

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966). Arvelo waived his Miranda rights. Arvelo, 788 F.3d at 1347.

5

voluntarily, courts look to the totality of the circumstances to determine whether the confession "was the product of an essentially free and unconstrained choice." Hubbard v. Haley, 317 F.3d 1245, 1252–53 (11th Cir. 2003) (quotation omitted). Among other factors, courts must consider the defendant's intelligence and education level, the length of his detention, the nature of the interrogation, the use of any physical force against him, and the use of any promises or inducements by the police. Id.; see United States v. Bernal-Benitez, 594 F.3d 1303, 1319 (11th Cir. 2010). Florida courts also apply a totality of the circumstances test to resolve whether a defendant's confession was voluntary. See Baker v. State, 71 So. 3d 802, 814 (Fla. 2011) (per curiam). At bottom, a confession was involuntary only when the circumstances show that "coercive police activity" overcame the defendant's free will. Colorado v. Connelly, 479 U.S. 157, 167, 107 S. Ct. 515, 522 (1986); see Blake v. State, 972 So. 2d 839, 844 (Fla. 2007) (per curiam). The voluntariness of a confession is a question of law that we review de novo. See United States v. Farley, 607 F.3d 1294, 1325–26 (11th Cir. 2010). However, we review the findings of facts underlying a district court's voluntariness determination for clear error. See id. at 1325.

Considering the totality of the circumstances here, Arvelo's confession was voluntary. At the time of the interrogation, Arvelo was 21 years old, was employed, and had a GED. Although the interrogation lasted for three hours, the

6

interrogating officer, Detective Collins gave Arvelo a 40-minute break.  Further, the record does not indicate that Detective Collins physically coerced Arvelo, deprived him of any essential needs, or threatened him in any way.  Neither did Arvelo ever say he was tired or unwilling or unable to proceed.  In fact, Detective Collins allowed Arvelo to make a phone call at Arvelo's request.  Thus, the district court did not clearly err in finding that Arvelo's interrogation was not overbearing.

Arvelo argues Detective Collins induced his confession with false promises of leniency.  However, at the beginning of the interrogation, Detective Collins told Arvelo he could not "promise [Arvelo] anything."  Detective Collins then asked Arvelo to "[t]ell me why I'm meeting you today," to which Arvelo replied he "hope[d] that it [was] because, you will help me, or find help."  From there, Detective Collins talked about "getting [Arvelo] down the path of getting [] some help," and Arvelo continued saying he needed help, sometimes while crying. Although this part of the interrogation can be construed to contain offers of help from Detective Collins, Arvelo admitted at the evidentiary hearing that "all of [Collins's] promises of help were unspecified."  He also testified that he "believed [Collins] was helping me with my mental issues" and "was providing me mental health treatment."  Thus, at this point in the interrogation, even if Detective Collins was offering Arvelo help, it was not in the form of leniency.  If anything, Detective Collins's offers were for some form of help with Arvelo's mental health.  Florida

courts have held that offers of psychiatric assistance do not render a confession involuntary "so long as the aid is not offered in return for" the confession. See State v. Beck, 390 So. 2d 748, 749 (Fla. 3d DCA 1980). Here, Detective Collins was not offering help in exchange for a confession or statement. Detective Collins said up front that he could not make any promises to Arvelo, and Arvelo admitted that Collins's offers were non-specific. Further, Detective Collins never linked his offers to help with requests for information in a way that implied any sort of exchange or bargain. See Ramirez v. State, 15 So. 3d 852, 854, 856–57 (Fla.1st DCA 2009) (per curiam) (holding the appellant's statement was impermissibly induced where a police detective offered to help the appellant and made statements like "How am I going to help you if you're lying to me and you don't want to tell me the truth?" and "[I]f you want us to help you, you need to help us also."); Day v. State, 29 So. 3d 1178, 1181–82 (Fla. 4th DCA 2010). Therefore, the district court did not clearly err in finding that Detective Collins never offered Arvelo help in exchange for a confession.

During the interrogation, Detective Collins also said his job was to "get [Arvelo's] side" of the story and "all the facts" so that the judge, jury, and state could have a complete picture of both the accused and the alleged crime. Collins noted he thought this could be helpful for Arvelo's eventual sentence, but said so immediately after clarifying that he could not promise anything. As a result, the

district court did not clearly err in finding that Detective Collins did not offer Arvelo leniency in exchange for his confession.[2]

Arvelo further argues that law enforcement exploited his intoxication to unlawfully induce his confession. Although Detective Collins was aware that Arvelo had drunk almost an entire bottle of whiskey early on the morning of the interrogation, and had not eaten or slept since,[3] Arvelo, 788 F.3d at 1347, the mere fact that Arvelo was intoxicated during the interrogation does not render his statements involuntary. Thomas v. State, 456 So. 2d 454, 458 (Fla. 1984). Instead, a defendant's inebriated condition does not affect the voluntariness of his confession unless it undermines his ability to comprehend in a general way what he is doing and to communicate with coherence and context. Burns v. State, 584 So. 2d 1073, 1075–76 (Fla. 4th DCA 1991). Here, the district court did not clearly err in finding that Arvelo's mental faculties were not impaired to that point. Although Arvelo cried several times during the interview, his answers were generally coherent and rationally related to Detective Collins's questions and statements. Further, at the evidentiary hearing, Arvelo said he reviewed the transcript of the

---

[2] Arvelo also argues Detective Collins "distorted [Arvelo's] perception of the true peril that the confession would put him in" by "implying that there would be no prosecution" and "telling Arvelo that it was unlikely he would go to prison." Detective Collins did draw a contrast between Arvelo's offense and murder, and also distinguished Arvelo from "some hardened criminal that's got a 20 year history with a rap sheet longer than my arm." However, when Arvelo asked Collins if it was "necessary for me to go to prison," Collins clarified, "I don't know. I don't know what happened." Viewing the interrogation in its totality, we do not think Detective Collins suggested or hinted that Arvelo would not be prosecuted or imprisoned.

[3] Detective Collins also smelled alcohol during the interrogation.

interrogation and remembered saying "mostly everything" in it during the interrogation. And because Arvelo's intoxication did not undermine his ability to understand the interrogation and communicate coherently, it did not render his confession involuntary.

Similarly, Arvelo argues law enforcement exploited his mental weakness and emotionally vulnerable condition, and points out that he disclosed his mental illness issues (for which he had sought therapy and was prescribed medication) to Detective Collins during the interrogation. Although a defendant's mental illness and frail emotional state at the time of confession may have some bearing on whether that confession was voluntary, see Taylor v. State, 640 So. 2d 1127, 1137 (Fla. 1st DCA 1994); Rickard v. State, 508 So. 2d 736, 737 (Fla. 2d DCA 1987), "mere emotionalism, confusion, or depression," without more, does not render a confession involuntary. Taylor, 640 So. 2d at 1137 (quotation omitted). Instead, the defendant's mental and emotional state must undermine his competency. Id. As we have explained, the district court did not clearly err when it found that Arvelo's mental state did not impair his ability to understand the interrogation and communicate coherently. On this record, and in light of the totality of the circumstances, Arvelo's mental and emotional condition did not render his confession involuntary.

10

Because Arvelo's confession was voluntary, the state court would have denied a motion to suppress the confession. Thus, Arvelo was not prejudiced by his trial counsel's failure to file a motion to suppress—such a motion would not have influenced Arvelo's decision to enter a plea because it would have failed. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. And because he has not satisfied the prejudice prong of the Strickland test, Arvelo cannot prevail on his ineffective assistance of counsel claim. See Ward, 592 F.3d at 1163. We therefore need not consider whether his trial counsel's performance was deficient. Id.

**AFFIRMED.**