[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10659
Non-Argument Calendar
_____

D.C. Docket Nos. 2:13-cv-14189-JEM,
2:10-cr-14013-JEM-1

TIMOTHY HOWARD SPRIGGS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 9, 2017)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Spriggs, a federal prisoner, appeals the denial of his 28 U.S.C.

§ 2255 motion to vacate his conviction for receipt of child pornography.

Mr. Spriggs contends that the government prosecuted him using evidence that was obtained illegally, and that his trial counsel rendered ineffective assistance by failing to challenge the admissibility of that evidence.  The district court, adopting the magistrate's report and recommendation, declined to consider the merits of Mr. Spriggs' alleged Fourth Amendment violation in addressing the ineffectiveness claim and denied the motion without a hearing.

The district court granted a certificate of appealability on the ineffectiveness claim, as well as on whether Mr. Spriggs is entitled to an evidentiary hearing. Following a careful review of the record and the parties' briefs, we reverse and remand for further proceedings.

# I

Mr. Spriggs pled guilty to one count of knowingly receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2).  As part of his guilty plea, he stipulated to facts that depicted his encounter with law enforcement as one of cooperation and acceptance of responsibility.  In a sworn affidavit filed in this § 2255 proceeding, however, Mr. Spriggs disclaims that factual proffer.  Briefly, we summarize both versions below.

# A

According to the factual proffer, Brian Broughton, a detective with Martin County, determined that files containing pornographic depictions of minors had

2

been downloaded by a computer with an IP address corresponding to a single family home residence with the street number 11501. He went to the residence with a colleague to execute the warrant. Upon arriving, Detective Broughton spoke with Mr. Spriggs and his family outside the home, who told him that they were staying at a "mobile home parked at the side of the [11501] house." D.E. 8-7 at 2. Mr. Spriggs then asked to speak with the detectives alone, at which point he admitted having downloaded child pornography onto his Dell laptop using a peer-to-peer file-sharing program. The detectives confiscated the laptops belonging to Mr. Spriggs and his family, and obtained a search warrant for the computers. They recovered illicit videos from Mr. Spriggs' laptop.

**B**

In the version he now alleges, Mr. Spriggs portrays his interaction with law enforcement as coercive and accuses Detective Broughton of lying about the scope of the search warrant. Mr. Spriggs alleges that he was staying with his parents at their mobile home, which was parked in a lot with the street number 11491, adjacent to the 11501 residence. He was editing a video for his parents' anniversary when his mother told him that law enforcement officers were outside with a warrant for child pornography. Mr. Spriggs went outside and saw his father and brother speaking to the detectives on the 11491 lot. They told them that they

3

had a search warrant for the 11501 residence and that their mobile home was also subject to search under the warrant. *See* D.E. 8 at 22.

Sometime later, Detective Broughton and his colleague pulled Mr. Spriggs aside to speak to him alone, and repeatedly asked him if he had ever downloaded child pornography. Mr. Spriggs at first declined to answer without an attorney, but eventually admitted that he had accidentally downloaded illicit files.

The detectives then searched the mobile home (supposedly as authorized by the warrant) over the objection of Mr. Spriggs' mother. They also had Mr. Spriggs identify the green Dell laptop as his after reiterating that their warrant allowed them to search every laptop in the mobile home.

## C

Mr. Spriggs maintains that he is innocent because he did not knowingly receive child pornography. *See* 18 U.S.C. § 2252(a)(2) (making it unlawful to "knowingly" receive illicit images). He says his attorney ignored his claim of innocence and his allegations of what transpired, and warned him that a round-a-bout attempt at getting his version of the facts on the record would net him 15 to 20 years in prison. Mr. Spriggs also alleges that his attorney refused to consider a Fourth Amendment challenge based on his version of events.

Mr. Spriggs was initially sentenced to 180 months' imprisonment, but was re-sentenced to a term of 126 months after we reversed his initial sentence on the

4

ground that the district court had improperly applied a five-level distribution enhancement under the Sentencing Guidelines. *See United States v. Spriggs*, 666 F.3d 1284, 1288–89 (11th Cir. 2012).

## II

In reviewing a denial of a motion to vacate under § 2255, we exercise plenary review over a district court's legal conclusions and review factual findings for clear error. *See Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). "We review the district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Id.* (quoting *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216–17 (11th Cir. 2009)).

## III

Mr. Spriggs contends that his trial counsel rendered ineffective assistance by failing to "investigate, research, . . . and timely challenge," through a motion to suppress, the admissibility of the answers he gave to law enforcement and the evidence of child pornography obtained from his computer. *See* Br. of Appellant at 7–8. Mr. Spriggs says that, had he been properly advised of his Fourth

5

Amendment rights, he would have sought to suppress the evidence obtained by Detective Broughton and then proceeded to trial instead of pleading guilty.

A defendant claiming ineffective assistance of counsel must show both deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). On the first prong, the defendant must demonstrate that trial "counsel's representation fell below an objective standard of reasonableness," which is an inquiry we undertake with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688–89. To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

But when "a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, we do not ask whether, had he gone to trial, the result of that trial 'would have been different' than the result of the plea bargain." *Lee v. United States*, 582 U.S. ___, ___, 2017 WL 2694701, at *6 (U.S. Jun. 23, 2017). Instead, "when a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on

6

going to trial." *Id.* (internal quotation marks omitted) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The crux of Mr. Spriggs' Fourth Amendment argument is that Detective Broughton lied about having a warrant to search his family's mobile home and that his "false claim of search authority," Br. of Appellant at 8, invalidated any consent the detectives had to search the mobile home and confiscate the computers inside. The district court, adopting the magistrate's report and recommendation, declined to consider Mr. Spriggs' Fourth Amendment argument altogether on the ground that the only issue for habeas purposes was whether trial counsel was constitutionally ineffective for failing to file a motion to suppress.

Proceeding under this framework, the district court explained that any false statements or deception by Detective Broughton was "irrelevant," D.E. 17 at 9, because counsel's performance could not have been deficient when she successfully pursued a litigation strategy that secured Mr. Spriggs a lower sentence. The court also found no deficient performance in part because there was no contention that trial counsel had "ignored or failed to act upon some expressed directive to pursue Fourth Amendment relief." *Id.* at 10. In fact, Mr. Spriggs did allege that his attorney "refused" to listen to his complaint that his "rights were violated," D.E. 16 at 5, and failed to consider a Fourth Amendment challenge in light of his version of what occurred.

7

With respect to the prejudice prong, the district court correctly explained that Mr. Spriggs' ineffectiveness claim is "premised on the assumption that the omitted motion to suppress would have been successful," D.E. 17 at 10, but then expressly declined to engage in the "speculative exercise" of determining whether any such motion would have succeeded because "[e]ven if before pleading guilty [Mr. Spriggs] had felt that he had a strong case for relief, he and his counsel still would have faced a fork in the road: whether to pursue a motion to suppress (and risk the disadvantages of losing it) or whether to leverage his cooperation for a reduced sentence." *Id.* at 11.  The court, in other words, assumed without analysis that a motion to suppress would have failed, and then decided that, as a result, it is unlikely Mr. Spriggs would have gone to trial.[1]

The problem with this analysis is that a district court's inquiry into trial counsel's performance in advising a client to plead guilty cannot be unmoored from the merits of an alleged Fourth Amendment violation, particularly when, as here, the defendant claims he is innocent of the offense he pled guilty to and when a motion to suppress may have been outcome-determinative.  The Supreme Court has said that, as far as performance goes, "[n]o reasonable lawyer would forgo

---

[1] Despite expressly declining to consider the merits of the alleged Fourth Amendment violation, the district court noted that it is unclear whether the 11501 and 11491 lots are indeed "different lots" or whether they "shar[ed] a common premise[ ]," D.E. 17 at 8–9, which appears to be a reference to the good-faith exception in Fourth Amendment jurisprudence.  From this isolated foray, however, we cannot conclude that the district court truly assessed the alleged Fourth Amendment violation in deciding Mr. Spriggs' ineffectiveness claim.

competent litigation of meritorious, *possibly* decisive claims." *Kimmelman v. Morrison*, 477 U.S. 365, 382 n.7 (1986) (emphasis added).   And it recently clarified that to establish prejudice when the "decision about going to trial turns on [a defendant's] prospects of success and those are affected by the attorney's error—for instance, where a defendant alleges that his lawyer should have but did not seek to suppress [evidence]"—the defendant must show that "he would have been better off going to trial," a showing that unquestionably implicates (at least to some degree) the merits of the alleged Fourth Amendment violation. *Lee*, 582 U.S. at ___, 2017 WL 2694701, at *6.   Consistent with Supreme Court precedent, we too have said that, "[i]n cases like this one, where a [defendant] faults his lawyer for failing to pursue a motion to suppress prior to entering a plea, both the deficient performance and prejudice prongs of *Strickland* turn on the viability of the motion to suppress." *Arvelo v. Sec'y, Florida Dep't of Corr.*, 788 F.3d 1345, 1348 (11th Cir. 2015).

## IV

The district court here adopted a report and recommendation that treated the alleged Fourth Amendment violation as completely "irrelevant" to the ineffectiveness claim. *See* D.E. 17 at 9.   The district court's wholesale refusal to consider Mr. Spriggs' alleged Fourth Amendment violation cannot be squared with

our precedent and the Supreme Court's recent decision in *Lee*. We therefore reverse and remand this case to the district court for further consideration.[2]

**REVERSED AND REMANDED.**

---

[2] As we recently held in *United States v. Spivey, et al.*, No. 15-15023, 2017 WL 2782852, at *3–4 (11th Cir. Jun. 28, 2017), not all forms of deception by law enforcement negate a defendant's consent to search. On remand, the district court will have an opportunity to consider what impact, if any, *Spivey* has on Mr. Spriggs' claim.