[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16910
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00108-JRH-BKE-2


UNITED STATES OF AMERICA,

                                                          Plaintiff - Appellee,

versus

RODELL GORDON,
a.k.a. Rodie,

                                                          Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 16, 2018)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Rodell Gordon appeals his conviction after pleading guilty to conspiracy to distribute and possess with intent to distribute marijuana and hashish oil.[1]  On appeal, Gordon argues that the District Court erred when it denied his motion to withdraw his guilty plea based on ineffective assistance of counsel.  He claims that his trial counsel's decision not to pursue a motion to suppress evidence from an allegedly unconstitutional search of an apartment he was visiting establishes ineffective assistance.

We review the denial of a request to withdraw a guilty plea for abuse of discretion.  *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003).  A district court abuses its direction when it fails to apply proper legal standards or procedures or when it makes clearly erroneous findings of fact.  *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (quotation omitted).  A challenge to the effectiveness of counsel is a mixed question of law and fact and is subject to *de novo* review.  *Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001).  In cases where a defendant faults his lawyer for failing to pursue a motion to suppress prior to entering a plea, the success of his ineffective assistance claim turns on the viability of the motion to suppress.  *Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345, 1348 (11th Cir. 2015).  Therefore, if any motion to suppress would have been meritless here, so would Gordon's ineffective assistance claim.

---

[1] 20 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 846.

2

Gordon argues that his trial counsel should have challenged the search warrant that resulted in the seizure of incriminating evidence for two reasons.[2] First, he claims that the warrant failed the Fourth Amendment's particularity requirement because it had the wrong address listed for the apartment to be search and because it did not include his name.  Second, he claims that the warrant was not actually completed by the magistrate judge because its command paragraph was left unedited.  Both of these arguments fail.  We address each in turn.

## I.

The Fourth Amendment provides that a search warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized."  An erroneous description of the location to be searched will not render a warrant invalid so long as the warrant describes the place to be searched with sufficient particularity.  It does so if the searching officer is able to (1) ascertain and identify the place intended with reasonable effort, (2) confine his examination to the place described, and (3) advise those being searched of his authority.  *United States v. Burke*, 784 F.2d 1090, 1092 (11th Cir. 1986).

---

[2] The government argues that Gordon would not have standing to challenge the search warrant because he was merely a guest in the apartment with no reasonable expectation of privacy.  Gordon, in response, claims that he was an *overnight* guest and therefore does have standing under *Minnesota v. Olson*, 495 U.S. 91, 110 S. Ct. 1684 (1990).  On this point, the record only indicates that Gordon agreed he was "just visiting" and had flown from California to Georgia hours before the search took place.  Because no Fourth Amendment issue was presented below, there was no reason for the record to indicate whether or not he was an overnight guest in Georgia.  For purposes of our discussion, we assume Gordon was an overnight guest and does have standing under *Olson*.

Here, the warrant described the location in rich detail. It correctly named the apartment complex, noted the building was a two-story multi-dwelling building and the apartment was on the first floor, and described the apartment as having a green front door with "numerous stickers" on it. It also included the proper apartment number. It was, however, incorrect in one respect: it described the address as "2900 Perimeter Parkway, Apt. 205." The apartment complex was bordered by both Perimeter Parkway and Huntington Drive, and the apartment address was actually 2900 Huntington Drive, Apartment 205. But this is far from a fatal flaw. The correct apartment was noted in every other respect and the searching officers executed the warrant on the correct apartment. The small misstep of including the wrong bordering street in the address is, in this case, inconsequential. *See United States v. Figueroa*, 720 F.2d 1239, 1243 n.5 (11th Cir. 1983). It could not serve as a basis to challenge the warrant.

Neither could the fact that the warrant did not include Gordon's name. No contraband was found on Gordon's person when he was searched. Rather, the incriminating evidence was found inside of the apartment. Even if the warrant was defective for not listing Gordon's name,[3] any challenge on that basis would have

---

[3] It probably wasn't defective on that basis. The warrant listed Jamie Riley, the occupant of the apartment, along with "any other persons believed to be involved in illegal activity." The affidavit attached to the warrant described Gordon as the only other person inside of the target apartment when officers had arrived earlier that day. It also included a statement from Riley that said Gordon had brought marijuana to the apartment. This basis would probably be sufficient to

yielded no result. *See United States v. Perkins*, 348 F.3d 965, 969 (11th Cir. 2003) (showing that an unconstitutional search renders evidence derived *from that search* inadmissible in court). Because the warrant listed the apartment address and Gordon with sufficient particularity under the Fourth Amendment, any challenge to it on those bases would have been futile. Therefore, Gordon's trial counsel was not ineffective here.

## II.

Gordon also claims that the warrant was defective because the magistrate judge did not complete it. He argues that because its command paragraph was unedited, the magistrate did not limit the search's scope appropriately and instead issued an unconstitutional general warrant. The relevant language in the warrant's command paragraph appears below.

> And as I am satisfied that there is probable cause that the property so described is being concealed (on the person) and (on the premises) and (in the conveyance) above described and that the foregoing grounds for application for issuance of the search warrant exists. You are hereby commanded to search forthwith the described (person) and (premises) and (conveyance) for the property specified, and making the search (in the daytime) (at any time in the day or night) and if the property be found there to seize it.

This claim ignores the rest of the warrant, which specifically lists the location and the occupant of the apartment as well as the property to be seized as "marijuana,

---

support evidence obtained from a search of Gordon himself. But because no such evidence was obtained, we need not reach the question.

U.S. currency, firearms, documents showing residency, ledgers documenting drug sales, purchases, and monetary profits." A general warrant, on the other hand, is one that authorizes an officer to rummage through a person's belongings for *any* item indicative of criminality. *See Andresen v. Maryland*, 427 U.S. 463, 480, 96 S. Ct. 2737, 2748 (1976). Because the items to be seized are described in the warrant with sufficient particularity, it is not an unconstitutional general warrant. It is irrelevant here that the magistrate judge did not make any edits to the command paragraph. Because the warrant was not defective on this basis, any challenge to it would also have been futile. Therefore, Gordon's trial counsel was not ineffective here as well.

### III.

Gordon's trial counsel's decision not to attempt to suppress evidence from the search warrant did not constitute ineffective assistance. Because the underlying motion to suppress would have been meritless, we need not go further. *Arvelo*, 788 F.3d at 1348. The District Court did not abuse its discretion in denying Gordon's motion to withdraw his guilty plea. We affirm the judgment.

**AFFIRMED.**

6