[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11033

_____

MARCUS LAMAR GOGGINS,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:18-cv-00104-MCR-GRJ

_____

2                    Opinion of the Court                    20-11033

Before ROSENBAUM, JILL PRYOR, Circuit Judges, and ALTMAN,* District Judge.

JILL PRYOR, Circuit Judge:

Marcus Goggins appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. After careful review, and with the benefit of oral argument, we reverse and remand for further proceedings.

## I.    BACKGROUND

With the assistance of counsel, Mr. Goggins pled nolo contendere to Florida charges of identity fraud and admitted violations of the terms of the probation he had been serving. Mr. Goggins was sentenced to 5 years' imprisonment on the identity fraud charges and 5 years' imprisonment on the probation violations, to run consecutively. Within days of his plea,[1] and for the next year, Mr. Goggins, now *pro se*, sought to challenge his plea. As relevant to this appeal, he filed a state postconviction motion under Florida Rule of Criminal Procedure 3.850.[2] In his motion, he asserted that his

---

* The Honorable Roy K. Altman, United States District Judge for the Southern District of Florida, sitting by designation.

[1] For simplicity's sake, and because the two are interrelated, we refer to Mr. Goggins's multiple pleas in the singular.

[2] Mr. Goggins actually filed three motions, but they were identical and all filed within a period of about five weeks. For ease, we refer here to Mr. Goggins's request for postconviction relief as one motion.

plea was involuntary and that counsel was ineffective for two reasons relevant to this appeal. First, he alleged, counsel was ineffective in failing to move to suppress evidence relating to the identity fraud charges that was seized during a stop and search of his person and vehicle. He alleged that he asked his counsel to file a motion to suppress, but counsel "neglected to file it." Doc. 20-1 at 247.[3] And, he alleged, if he had been able to file a motion to suppress, he "would not have ple[d] to the [identity fraud] charges but fought [his] case in trial and won." *Id.*

Second, Mr. Goggins alleged that counsel was ineffective in failing to pursue an entrapment defense to the charges that he violated the terms of his probation. He alleged that the police had encouraged him to break the terms of his probation when he otherwise would not have done so and that counsel gave him "egregious misadvice" as to the viability of his entrapment defense. *Id.* at 255. Had counsel pursued the defense, Mr. Goggins alleged, he "would have insisted on going to trial." *Id.* Mr. Goggins acknowledged that one of the alleged probation violations included both of the identity fraud charges—charges to which the entrapment defense would not apply. But he maintained that the circumstances leading up to his arrest (the stop and seizure) on those charges were

---

[3] "Doc." numbers are the district court's docket entries.

unlawful and counsel's "misinformation regarding" the same "was prejudice." *Id.* at 251.[4]

The state postconviction court denied Mr. Goggins's motion. The court did not address his claim that his plea was involuntary, reasoning that the trial court had previously adjudicated that claim in rejecting a motion to withdraw the plea. As to Mr. Goggins's claim that his trial counsel was ineffective for failing to file a motion to suppress, the court concluded that "the claim . . . is without merit," noting that Mr. Goggins had told the court he was satisfied with his counsel during the plea colloquy and could not now "claim[] the plea was involuntary based on [his] allegedly perjured testimony." *Id.* at 347–48 (internal quotation marks omitted). The court also concluded that "had counsel filed [a] motion to suppress the search of [Mr. Goggins's] vehicle, the motion would have been denied," so Mr. Goggins could not show prejudice. *Id.* at 348.

As to Mr. Goggins's claim that trial counsel was ineffective for failing to pursue an entrapment defense, the court concluded that "had counsel pursued an entrapment defense to the violation of probation allegation, the defense would have failed," so Mr. Goggins had "fail[ed] to show either error by counsel" or prejudice. *Id.* at 348–49.

After unsuccessfully appealing his claims to the Florida District Court of Appeal, *see Goggins v. State*, 277 So. 3d 53 (Fla. Dist.

---

[4] The State charged Mr. Goggins with violating five conditions of his probation.

Ct. App. 2017) (unpublished table decision), Mr. Goggins filed a § 2254 petition for a writ of habeas corpus. In Claim 1, he asserted that his plea was involuntary. In Claim 2, he asserted ineffective assistance of counsel based on counsel's failure to file a motion to suppress. In support, Mr. Goggins alleged that "defense counsel's failure to file [a] motion[] suppressing evidence from the illegal stop was in violation of [his] 6[th] Amendment rights." Doc. 1 at 19. He argued that the stop that resulted in the allegedly unlawful seizure violated his Fourth Amendment rights, that "[t]here was no particular reason or strategy in counsel's failure to file the requested motion to suppress evidence," and that the violation "prejudice[d] [his] decision to forego [sic] trial." *Id.* at 19, 22. In Claim 3, Mr. Goggins asserted ineffective assistance of counsel based on counsel's failure to pursue an entrapment defense. He argued that "[t]here was no strategic thinking in counsel's failure to pursue the defense of [e]ntrapment," and that "it was the only viable defense available" to charges that he violated the terms of his probation. *Id.* at 24; *see* Doc. 22 at 11 (arguing, in reply, that he was "denied the requisite of the State to prove beyond a reasonable doubt he was predisposed to" commit the violations). Mr. Goggins requested an evidentiary hearing on his claims.

In a report and recommendation, a magistrate judge recommended that Mr. Goggins's habeas petition be denied without an evidentiary hearing. The magistrate judge analyzed Claim 1—that the plea was involuntary—and concluded that the state court's rejection of that claim withstood the deferential review prescribed by

the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), (e). As to Claims 2 and 3, the magistrate judge determined that Mr. Goggins's "plea forecloses federal habeas review" of the claims. Doc. 26 at 18. Over Mr. Goggins's objection, the district court summarily adopted the report and recommendation and denied the petition.

Mr. Goggins appealed, and a two-judge panel of this Court granted him a certificate of appealability on two issues: whether reasonable jurists would find debatable or wrong the district court's (1) conclusion that Claims 2 and 3 were foreclosed by the entry of his plea, and (2) failure to analyze the merits of those claims, in light of this Court's precedent in *Arvelo v. Secretary, Florida Department of Corrections*, 788 F.3d 1345 (11th Cir. 2015). Counsel was appointed to represent Mr. Goggins.

As we explain below, we hold that the district court erred in concluding that Claims 2 and 3 were foreclosed by the entry of the plea and that the district court should have analyzed the merits of those claims. We therefore reverse and remand for further proceedings consistent with this opinion.[5]

---

[5] We review the district court's denial of a § 2254 habeas petition *de novo*. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). We liberally construe *pro se* habeas petitions. *See Williams v. Griswald*, 743 F.2d 1533, 1542 (11th Cir. 1984) ("It is well established that the standards governing the sufficiency of habeas corpus petitions are less stringent when the petition is drafted *pro se* and without the aid of counsel.").

## II.    DISCUSSION

The district court in this case determined that Mr. Goggins's ineffective assistance of counsel claims were outside the scope of federal habeas review because of his plea in state court. This was error. "[T]he Supreme Court has expressly held that a defendant does not waive an ineffective assistance of counsel claim simply by entering a plea." *Arvelo*, 788 F.3d at 1348 (citing *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985)); *see id.* at 1349 ("[I]neffective assistance of counsel claims are not waived by entering a plea."). "Instead, because 'voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases,' courts must continue to apply the familiar two-part test provided by *Strickland v. Washington*, 466 U.S. 668 (1984)." *Id.* at 1348 (quoting *Hill*, 474 U.S. at 56–57). "In the context of guilty pleas," the test for whether counsel was deficient is whether counsel satisfied "the standard of attorney competence" set forth in *Strickland* and its predecessor decisions. *Hill*, 474 U.S. at 58. "The second, or 'prejudice,' requirement," is satisfied if a petitioner shows "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Mr. Goggins, *pro se* at the time, alleged in his state postconviction motion that trial counsel was deficient in advising him about whether to file a motion to suppress and whether to pursue an entrapment defense. Mr. Goggins alleged that but for counsel's deficient performance, he would have tried his luck at trial. The

state postconviction court's decision suggests it assessed the "merit" of these claims, Doc. 20-1 at 348–49, but the district court declined altogether to review the decision of the state court, concluding instead that Mr. Goggins's plea had resulted in a complete waiver of his claims. This was error under *Hill* and *Arvelo*.

Because the district court erred in failing to address Mr. Goggins's ineffective assistance of counsel claims, we remand this case for further proceedings. *Arvelo*, 788 F.3d at 1349–50; *cf. Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus" and explaining that, when a court fails to do so, we "will vacate the district court's judgment without prejudice and remand the case for reconsideration"). We express no opinion on the merits of Mr. Goggins's claims. Nor do we order the district court to conduct an evidentiary hearing; rather, that matter is left to the district court's sound discretion. *See Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007).

**REVERSED AND REMANDED.**