[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10973

Non-Argument Calendar

_____

CHRISTY DALE SHELL,

　　　　　　　　　　　　　　　　　　Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　　Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:19-cv-10204-KMM

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Christy Shell is a federal prisoner serving a 235-month sentence after pleading guilty to conspiracy to possess with intent to distribute three controlled substances—fentanyl, the fentanyl analogue "furanyl fentanyl," and another opioid called "U-47700"—in violation of 21 U.S.C. § 846. She appeals the district court's denial of her *pro se* 28 U.S.C § 2255 motion to vacate, which raised thirty grounds for relief. Relevant here, and construed "liberally," *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), Ground 27 of Shell's § 2255 motion claimed that Shell's counsel performed ineffectively by failing to investigate (1) whether the government's searches of Shell's car and her fiancé's home violated the Fourth Amendment; (2) whether the government's public surveillance of Shell violated the Fourth Amendment; and (3) whether the government's failure to read Shell her *Miranda* rights violated the Fifth Amendment. The district court denied the ineffective assistance of counsel claim in Ground 27, concluding that Shell waived that claim by pleading guilty.

We granted a certificate of appealability ("COA") on the limited issue of whether the district court's conclusion that Shell waived Ground 27 of her § 2255 motion by pleading guilty was contrary to our decision in *Arvelo v. Secretary, Florida Department of Corrections*, 788 F.3d 1345, 1348 (11th Cir. 2015). Shell argues that it was. Relying on *Arvelo*, Shell asserts that she did not waive her

ineffective assistance claim by pleading guilty and that the district court was thus required to address that claim on merits by applying the two-part ineffective assistance of counsel test from *Strickland v. Washington*, 466 U.S. 668 (1984).

In a § 2255 proceeding, we review a district court's legal conclusions *de novo* and its factual findings for clear error. *Dell v. United States*, 710 F.3d 1267, 1272 (11th Cir. 2013). "In conducting our review, we liberally construe pro se pleadings and hold them to 'less stringent standards' than we apply to formal pleadings that lawyers draft." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Still, "we cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Id.* And in evaluating whether a plea is knowing and voluntary, we apply "a strong presumption" that statements made by the defendant during her plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Further, because the scope of our review of an unsuccessful § 2255 motion is strictly confined to the issues specified in the COA, *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998), we do not consider the parties' arguments relating to the merits of Shell's ineffective assistance of counsel claim, only the procedural question whether she waived that claim by pleading guilty. We conclude that she did.

We have repeatedly held that "[a] defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction" and thus may attack only "the

voluntary and knowing nature of the plea." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Accordingly, although "a defendant does not waive an ineffective assistance of counsel claim *simply* by entering a plea," *Arvelo*, 788 F.3d at 1348 (emphasis added), an ineffective assistance of counsel claim raised in a § 2255 motion *is* waived by a guilty plea where the movant's "claim of ineffective assistance is not about his decision to plead guilty," *Wilson*, 962 F.2d at 997; *see Stano v. Dugger*, 921 F.2d 1125, 1150–51 (11th Cir. 1991) (en banc) ("The Court allows only challenges to the voluntary and intelligent entry of the pela if a convicted defendant can prove 'serious derelictions' in his counsel's advice regarding the plea." (quoting *McMann v. Richardson*, 397 U.S. 759, 774 (1970)); *see also McMillin v. Beto*, 447 F.2d 453, 454 (5th Cir. 1971) (holding claim in habeas petition alleging "denial of effective assistance of counsel at arrest and during the following detention . . . may not now be raised, being [a] non-jurisdictional defect[] effectively waived by petitioner's guilty pleas").

Ground 27 of Shell's § 2255 motion does not even mention Shell's guilty plea, let alone allege that her counsel's ineffectiveness prevented it from being knowing and voluntary. Liberally construed, Ground 27 contends only that Shell's attorneys were ineffective by failing to properly investigate pre-arrest issues. And the record of the plea colloquy also reflects that Shell was satisfied with her counsel's representation and that she entered the plea knowingly and voluntarily.

Because Shell's ineffective assistance of counsel claim in Ground 27 does not challenge the validity of her plea, we agree with the district court that Shell waived that claim by pleading guilty.

**AFFIRMED.**